## O'SHEA *v.* MCLEAR.

(*Supreme Court, General Term, Third Department.* May 17, 1888.)

1. NEW TRIAL—MISCONDUCT OF JURY—COMPROMISE VERDICT.
   Though the general rule is that the verdict of a jury will be regarded as conclusive upon a question of fact, where the evidence is conflicting, yet where it is apparent that the jury could not have agreed upon so insignificant a sum as their award of damages to the plaintiff, except as the result of a compromise of the most objectionable sort, their verdict is properly set aside, and a new trial granted.

2. COSTS—ON SETTING ASIDE VERDICT—WHO LIABLE.
   Where a verdict for plaintiff is set aside on the ground that the evidence required a larger one, and a new trial granted, costs of the circuit should be imposed as a condition, to be paid by plaintiff to defendant, instead of directing that they abide the event of the action.

Appeal from circuit court, St. Lawrence county; FROTHINGHAM FISH, Justice.

This was an action by Amy O'Shea against George McLear, to recover damages for loss of support caused by the death of plaintiff's husband. Defendant is an hotel keeper, residing at the village of Rossie, St. Lawrence county. The evidence showed that on April 20, 1886, defendant had an auction at his hotel, which the deceased attended, and there became intoxicated; the liquor being obtained from defendant. On the next day defendant paid deceased $100 for some cows which deceased had sold him. Deceased remained at defendant's hotel until about 8 o'clock in the evening, during which time defendant sold him several drinks of whisky. He then started to go home, with a companion, who left him near a bridge across the Indian river, on the road to deceased's home. He was last seen by some boys about 9 o'clock in the evening near this bridge, and was at that time very much intoxicated. It seems that he fell into the river at this point, and was drowned. Defendant admitted that for 10 years previous deceased had been an *habitué* of his bar, and that during all that time he had sold him whisky, although the evidence showed that plaintiff and other members of deceased's family had forbidden him to do so. Deceased was a tailor by trade, earning on an average two dollars per day, according to plaintiff's testimony. Several witnesses for defendant testified that deceased, for some time prior to his death, was in the habit of getting drunk nearly every day, and that in consequence he did very little work. Plaintiff and two minor children were, in part at least, dependent upon his earnings for support. The jury rendered a verdict for plaintiff for $27, which the court set aside on plaintiff's motion, on the ground that the amount of damages was inadequate; and that "a verdict so small, under the circumstances, and under the evidence, forces upon the mind of the court the conviction that by some means the jury have acted from a perverted judgment, so that it becomes the duty of the court, in the exercise of a sound judicial discretion, to grant a new trial." Defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, J. J.

*Thomas Spratt*, for appellant. *John C. Keeler*, for respondent.

INGALLS, J. The new trial herein was granted by the justice who tried the cause at the circuit, and we may confidently assume that he was familiar with the facts of the case, and therefore favorably situated to determine whether or not the verdict of the jury, in regard to the amount of damages awarded to the plaintiff, was justified by the evidence. While it is true, as a general rule, that the verdict of a jury will be regarded conclusive upon a question of fact, when the evidence is conflicting, and inferences are to be drawn therefrom, yet such rule is subject to exceptions. Our examination of the case has convinced us that the learned justice exercised a sound discretion in vacating the verdict of the jury, and directing a new trial. It would seem, from the facts, that the jury could not have agreed upon so insignificant a sum, as their award of damages to the plaintiff, without the sacrifice of principle. Doubtless the verdict was the result of a compromise of the most objectionable type. Having reached the conclusion that the plaintiff had established a cause of action, it was their duty to award to her a reasonable compensation for the injury which she had sustained. The order appealed from should be affirmed, except in one particular, viz., as the verdict was set aside, and the new trial directed, upon the ground that it was against the evidence, costs of the circuit should have been imposed as a condition, to be paid by the plaintiff to the defendant, instead of direction that they abide the event of the action. This rule seems too firmly established to be departed from, even in a case of seeming hardship. *Bailey* v. *Park*, 5 Hun, 41; *Kelly* v. *Frazier*, 27 Hun, 314. Upon reflection, we conclude that the defendant has done no act, nor omitted any duty, which can properly be construed into a waiver of

his right to such costs. The order must be corrected in the particular indicated, and, as thus amended, should be affirmed. No costs of this appeal should be awarded to either party.

LEARNED, P. J., and LANDON, J., concurring.