CHARLOTTE PECK, Appellant, *v* THE FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD CO., Respondent.

*Supreme Court, Third Department, General Term, July 9, 1889.*

1. *Negligence. Verdict not final.*—Where, upon the trial of an action for injuries resulting from the overflow of a creek, an inspection was, by consent, made by the jury, not to enable them to determine the amount of damage, but solely to aid them in understanding the locality, their verdict for plaintiff is not necessarily final, but may, in a proper case, be set aside by the trial judge, as against the weight of evidence.

2. *Same.*—Where, in such case, the damage resulting to the plaintiff was occasioned in no way by the defendant, but by some cause other than his act or negligence, he is not liable.

3. *New trial. Costs.*—A new trial should be granted, and verdict set aside as against the weight of evidence, only on payment of costs.

This is an action for damages. The cause was tried, and a verdict rendered for plaintiff. A motion was made before the justice who tried the cause, to set aside the verdict as against the weight of evidence, and it was granted. From this order, the plaintiff appealed.

*Z. S. Westbrook*, for appellant.

*A. D. L. Baker*, for respondent.

LEARNED, P. J.—The learned justice in his opinion states that the plaintiff claims three items of damages, one happening in February, 1886, and the two others in April, 1887 ; one of the latter being injury to plaintiff's barn, the other, injury to her dwelling.   No exceptions were taken at the trial.   And the only matter before us is the appeal from the order.

We are of the opinion that the justice before whom a cause is tried is generally better capable of judging in regard to the weight of evidence than an appellate court can be. Quite frequently when motions of this kind are made before the trial justice, he disposes of it summarily in order that a speedy review may be had in an appellate court.   But with the better advantage, which the trial justice has of understanding the evidence, it would be well if, as in this case, the justice who tried the case would carefully consider the evidence and deliberately dispose of the motion.   When that has been done, a very strong case should be made before the appellate court should disturb the decision.   For the issue still remains to be tried, and the plaintiff has his right to bring the cause before another jury.

The first point made by the plaintiff is that the jury, by consent, were allowed to see the places in question.   Therefore, the plaintiff urges that evidence was before them which is not in the printed case, and that their verdict should be final.   West *v.* Kiersted, 15 Week. Dig. 549. But in that case the referee saw the actual injury which had been done.   In the present case the inspection which the jury made was long after the time of the alleged injury. It was not intended, so far as we can see, to enable them to determine the amount of the injury, but rather that they might understand the situation.   Nor was the verdict set aside on account of excessive damages.   It can be seen from the opinion that it was set aside on the facts which occurred at the time of the freshets, and which the jury could not

have seen.  Therefore, this objection made by plaintiff is without force.

No question of law was raised.  The charge of the learned justice stated the law applicable to the case in a manner satisfactory to both parties.

The Cayadutta creek runs in a southerly direction and empties into the Mohawk.  Main street, sometimes called the Turnpike, running easterly and westerly, crosses the creek nearly at right angles by means of a bridge.  The plaintiff's lot fronts on Main street and lies below it on the easterly side of the creek, reaching the defendant's railway. It is on a lower level than Main street.  About 150 feet below Main street is defendant's bridge, and about forty feet below that is the bridge of the N. Y. C. and H. R. R. R. Co. Part of plaintiff's lot is adjacent to the creek.  The defendant's bridge was built some twenty years ago.  And the plaintiff's charge is, that between the abutments of the bridge, and about eight feet therefrom, there were trestles or piers which were an obstruction to the flow of water and the cause of plaintiff's damage.  The space between the trestles was about thirty-eight feet.

As to the injury of February, 1886, the learned justice says that it was caused by the giving away of a dam somewhere above on the creek, and that the timbers coming down were thrown against plaintiff's barn and buildings.

This appears to us from the testimony to be correct.  And if so, the damage seems to have been in no way occasioned by defendant.  Indeed, the justice had charged, without any exception, in substance, that on the testimony the defendant was not liable for this injury.

The injury in 1887 came from a great flood which carried away the Main street, or Turnpike bridge, and carried the timbers against plaintiff's barn.  At or about the same time there was a rising of the waters by which plaintiff's house was damaged.

In regard to the injury to the barn, it seems to us that the

views of the learned justice were correct. As to the flooding of plaintiff's house, there is a question whether this was caused by defendant's bridge, or by the bridge of the Central Railroad, or by the rise of the water in the Mohawk which dammed back the waters of the creek. We have examined the evidence, and we find no reason for reversing the conclusion of the learned justice on this point. It is unnecessary to go over the evidence in detail.

The learned justice granted the order, with costs to abide the event. When a new trial is granted, and verdict set aside as against the weight of evidence, this should be done on payment of costs. Mahar v. Simmons, 47 Hun, 479; 14 N. Y. State Rep. 443. The order, therefore, must be modified so that the verdict is set aside and new trial granted upon payment by defendant to the plaintiff of the costs and disbursements of the former trial and of the motion, and as thus modified, affirmed, without costs of appeal to either party.

LANDON and INGALLS, JJ., concur.