## KELLY v. CITY OF ROCHESTER.

*(Supreme Court, General Term, Fifth Department.   June, 1891.)*

INADEQUATE DAMAGES—FRACTURE OF RIBS.
> A verdict for $15 damages, rendered in favor of plaintiff in an action to recover for an injury sustained by a fall on defendant's icy sidewalk, was properly set aside as inadequate, where it appeared that plaintiff sustained a fracture of two ribs by the fall, and was disabled from labor for several months thereby.

Appeal from circuit court, Monroe county.

Action by Hugh Kelly against the city of Rochester. From an order granting a new trial to the plaintiff, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*H. J. Sullivan*, for appellant.   *E. L. Adams*, for respondent.

DWIGHT, P. J. The new trial was granted on the ground of the insufficiency of the damages awarded by the verdict of the jury. The action was for injuries resulting to the plaintiff from a fall on a sidewalk of the defendant, rendered unsafe by ice which the defendant negligently suffered to accumulate thereon. The two issues—of the defendant's negligence and of contributory negligence on the part of the plaintiff—were fully tried, and were submitted to the jury on the second day of the trial, and the jury, having been out all night, came into court on the third day, and rendered a verdict for the plaintiff for $15. The undisputed evidence on the question of damages showed that the plaintiff, as a result of his fall, sustained a fracture of two ribs; suffered great pain in his side at the time and for some months afterwards; was wholly disabled for labor for several months; and that the pain and disability continued, in a measure, down to the time of the trial. There was also evidence tending to show that a weakness of the kidneys and incontinence of urine, from which the plaintiff had suffered from a time shortly after the accident and down to the time of the trial, was due to the same cause. The verdict of the jury found both the issues tried in favor of plaintiff, and that finding entitled him to full compensation for the injury which he had sustained. For that purpose the verdict was grossly inadequate, and must have been the result of unworthy and improper considerations prevailing with the jury. The discretion of the trial court was correctly exercised in setting aside the verdict, and granting a new trial to the plaintiff. The terms imposed as a condition of the order were also, probably, within the discretion of the court, and no appeal has been taken from that part of the order. The order appealed from must be affirmed, and, under the discretion granted to the appellate court by section 3239 of the Code, with costs, absolutely, to the respondent.