JOSEPH LEFROIS, Respondent, *v.* THE COUNTY OF MONROE, Appellant.

*Nuisance — a trial by jury is a matter of right — new trial granted for the insufficiency of the damages — setting aside a verdict is discretionary.*

In an action brought to abate a nuisance and to recover the damages occasioned thereby, a trial by jury is a matter of right.

If the complaint in form asks for equitable relief against the continuance of the nuisance, the prayer for damages may be regarded as incidental thereto.

As the existence of an alleged nuisance and the amount of damages caused thereby were, before the adoption of the Constitution, both inquired of by a jury, the constitutional guaranty of trial by jury applies to such an action as being one of the cases in which it had been theretofore used.

Where a defendant, through the action of the plaintiff, is confronted in court by a claim for both equitable and legal relief, if the legal claim embraces matters which, under the Constitution and the laws of the State of the New York, the defendant is entitled to have tried by a jury, he may insist upon it by taking the proper steps to have the issues settled, and he cannot be deprived of that right unless he has in some manner waived it.

In actions of tort, where the damages are so largely in the discretion of the jury, the courts have been cautious in granting new trials, either for excess or for insufficiency of damages, for the reason that the jury is the judge, where there is evidence of a substantial character to support its verdict, of the weight of the evidence and the credibility of the witnesses; but where the trial court, with the jury, heard the witnesses and is familiar with all the proceedings of the trial, and has set aside the verdict, the appellate court will ordinarily sustain such order, even in cases of tort, if the trial court had before it sufficient evidence to justify such exercise of its discretion in the premises.

Motions to set aside verdicts as contrary to evidence, as well as motions for new trials on the ground of newly-discovered evidence, are not governed by any

well-defined rule, but depend in a great degree upon the peculiar circumstances in each case; they are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end.

APPEAL by the defendant, The County of Monroe, from an order of the Supreme Court, made at the Monroe Circuit and entered in the office of the clerk of the county of Monroe on the 10th day of November, 1894, granting the plaintiff's motion for a new trial made upon the minutes.

*John Desmend*, for the appellant.

*J. A. Stull*, for the respondent.

WARD, J. :

The respondent, to whom we shall refer as the plaintiff, brought an action in this court in Monroe county and alleged in his complaint that he was the owner of about twenty-six acres of land in the vicinity of the city of Rochester, which he occupied as a dairy farm, through a portion of which ran a small natural stream that had supplied his premises and his stock with pure water, which had become contaminated and rendered useless by filth and excrement that had been placed in the stream by the defendant. The defendant had public buildings near the plaintiff's premises, also an open field in which filth and deleterious matter had been deposited by the defendant, that, together with the polluted matter in the stream, had created offensive odor to the great discomfort and annoyance of the plaintiff and his family covering a period of six years, and thereby his property became greatly depreciated in value, and he claimed damages in a large amount, and prayed for an injunction restraining the defendant from the pollution of the stream and a continuation of the nuisance. Issue being joined, the cause was tried in October, 1894, and resulted in a verdict for the plaintiff for forty-five dollars and fifty-eight cents for damages before the action was commenced and four dollars and forty-two cents damages since the commencement of the action. The plaintiff obtained leave of the court upon the coming in of the verdict to entertain a motion upon the minutes to set aside the verdict under section 999 of the

Code of Civil Procedure, among other things, because the verdict was for insufficient damages and contrary to the evidence. The learned trial court set aside the verdict and granted a new trial, without costs of the trial or of the motion to either party as against the other, on the ground "that said verdict is for insufficient damages, and because verdict is contrary to the evidence and weight of evidence, and not supported by the evidence on the trial."

The respondent first meets us with the objection that the order granting the new trial is not appealable, as it is in express terms prohibited by subdivision 2 of section 1347 of the Code, which defines appealable orders and permits an appeal from an order where it grants or refuses a new trial, "except that where specific questions of fact arising upon the issues in an action triable by the court have been tried by a jury, pursuant to an order for that purpose as prescribed in section nine hundred and seventy-one of this act, an appeal cannot be taken from an order granting or refusing a new trial upon the merits."

Turning to section 971 we find that that applies to a case where a party is not entitled as of right to a trial by jury, but to equity actions, where questions of fact may, in the discretion of the court, upon application by either party, be directed to be tried by a jury.

The plaintiff's contention is that this is an equity action simply, in which the court may order issues to be tried for its information and guidance in disposing of the questions arising in the case and granting the equitable relief sought, while the appellant claims that, although the plaintiff has sought equitable relief in the action, it is substantially an action for a nuisance, and the defendant was entitled to a jury trial under section 968 of the Code, which directs that such an action shall be triable by a jury, or, if not under that section, then under section 970 of the Code, which provides that where a party is entitled by the Constitution, or by express provision of law, to a trial by jury of one or more issues of fact in an action not specified in section 968, he may apply upon notice to the court for an order directing all questions arising upon those issues to be stated for trial, and, when those issues are stated, the subsequent proceedings are the same as in other cases where issues are stated, "except that the finding of the jury upon such questions so stated is conclusive

in the action unless the verdict is set aside or a new trial is granted."

The issues tried by the jury were stipulated between the parties and an order was entered thereon to the effect that the issues involving the liability of the defendant and the question of damages be tried by a jury. The jury found that the defendant was liable as for the nuisance complained of, and fixed the damages as above stated. The question, therefore, is whether these issues were such as the defendant had a right to have tried by a jury under the Constitution or the laws of the State. If so the order was appealable.

In *Hudson* v. *Caryl* (44 N. Y. 553) it was held in an action to abate a nuisance and recover damages occasioned thereby, that trial by jury is a matter of right, even if the complaint is in form for equitable relief, against the continuance of the nuisance, and the prayer for damages may be regarded as incidental thereto, yet as the existence of an alleged nuisance and the amount of damages were both inquired of by a jury before the adoption of the Constitution, the constitutional guaranty of trial by jury applies to such actions as one of the cases in which it had been theretofore used. And see *Conderman* v. *Conderman* (44 Hun, 181).

This right of trial by jury may be waived, but the defendant in this case has done nothing to waive that right. The plaintiff cites *Cogswell* v. *N. Y., N. H. & H. R. R. Co.* (105 N. Y. 319). That was a case where the plaintiff in an action of nuisance had incorporated a demand for both equitable and legal relief, and afterwards sought a trial by jury of the legal issues. The court held that the plaintiff had waived his right to a trial by jury by incorporating a demand for equitable relief in his complaint, but quoted with approval *Hudson* v. *Caryl* (*supra*); and the rule seems to be well established that where a defendant, through the action of the plaintiff, is confronted in court by a claim for both equitable and legal relief, if the legal claim embraces matters that, under the Constitution or laws of the State, the defendant is entitled to have tried by a jury, he may insist upon it by taking the proper steps to have issues settled, and he cannot be deprived of that right unless he has in some manner waived it in the action. (*Lynch* v. *Met. Elevated R. Co.*, 129 N. Y. 278.)

It is not in the power of a plaintiff to deprive the defendant of

the right of a jury trial on issues that entitle him to it by incorporating in the complaint other issues of an equitable character and thereon demanding equitable relief.

The case of *Dean* v. *Benn* (69 Hun, 519; affd. without opinion, 142 N. Y. 684) does not conflict with this view. That case went off on the question of waiver mainly. The question here presented was not before the court in that case and it does not aid us.

We have reached the conclusion that this order was appealable. The evidence in the case, though voluminous and delivered from the lips of many witnesses, seems to establish beyond question the fact that the acts of the defendant complained of constituted a serious nuisance to the plaintiff and damage to his property. The appellant claims that we should set the order granting a new trial aside because the evidence was conflicting, and there was evidence to justify the jury in their verdict.

The cases bearing upon this subject resolve themselves into three classes: *First*, where the verdict is attacked as excessive in damages, usually in cases of tort where damages are awarded for negligence, and the trial court refuses to set the verdict aside and the appellate court is asked to review such refusal. *Second*, in actions of contract where the damages sought to be recovered were capable of being rendered certain by computation and where it was apparent, from the facts established, that the jury had erred in arriving at the damages, as in *Algeo* v. *Duncan* (39 N. Y. 313); *McDonald* v. *Walter* (40 id. 551), and where the trial court had granted a new trial.

The third class are actions of tort such as this where a new trial had been granted by the trial court usually upon the minutes. In actions of tort, where the damages are so largely in the discretion of the jury, the courts have been cautious in granting new trials either for excess or insufficiency of damages for the reason that the jury is the judge, where there is evidence to support its verdict of a substantial character, of the weight of the evidence and the credibility of the witnesses; but where the trial court has, with the jury, heard the witnesses and is familiar with all the proceedings of the trial and has set aside the verdict, the appellate courts have sustained such orders upon the principle well set forth in *Barrett* v. *The*

*Third Avenue Railroad Co.* (45 N. Y. 632), where the court says: " Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end." To the same effect see *Glassford* v. *Lewis* (82 Hun, 46) and *Young* v. *Stone* (28 N. Y. Supp. 881; 77 Hun, 395), and cases cited. In *Kelly* v. *The City of Rochester* (15 N. Y. Supp. 29), where the plaintiff recovered a verdict for fifteen dollars for personal injuries, this department sustained the Monroe Circuit in an order setting aside the verdict for insufficiency of damages. Judge DWIGHT says : " The verdict of the jury found both the issues tried in favor of plaintiff (viz., the injuries and the defendant's negligence), and that finding entitled him to full compensation for the injury which he had sustained. For that purpose the verdict was grossly inadequate, and must have been the result of unworthy and improper considerations prevailing with the jury."

In *O'Shea* v. *McLear* (15 N. Y. Civ. Proc. Rep. 69) an action had been brought under the Civil Damage Act for damages resulting from the death of the plaintiff's husband. A small verdict was given, which the trial court set aside for insufficient damages, and the court said that the jury having reached the conclusion that the plaintiff had established a cause of action, it was their duty to award to her a reasonable compensation for the injuries which she had sustained.

In *Peck* v. *Fonda, J. & G. R. R. Co.* (6 N. Y. Supp. 379), where a verdict in an action for damages occasioned to plaintiff's land by the overflowing of a creek was set aside as against the weight of evidence, the General Term of the third department sustained the order and said : " We are of the opinion that the justice before whom a cause is tried is generally better capable of judging in regard to the weight of evidence than an appellate court can be."

These cases establish that the appellate court sustains orders of this character even in cases of tort, where the trial court had before

it sufficient evidence to appeal to and justify such exercise of its discretion in the premises.

A careful review of the evidence in this case will not justify us in dissenting from the learned trial court as to the order made, and it should be affirmed, without costs of the appeal to either party.

LEWIS and BRADLEY, JJ., concurred; DWIGHT, P. J., not voting.

Order affirmed.