(96 Misc. Rep. 559)

### MAAS v. SWALBACH et al.

(Supreme Court, Special Term, Monroe County. September 14, 1916.)

1. JURY ⊚⊐13(15)—JURY TRIAL—ISSUES.
    Under Code Civ. Proc. § 970, providing that, where a party is entitled to a trial by jury of an issue of fact, he may apply for an order directing such issues to be stated for a jury trial, the defendant in an action to foreclose land contracts and for a deficiency, raising the legal issues of want of consideration, etc., was entitled to an order to settle issues for trial by jury.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. §§. 54, 57, 58; Dec. Dig. ⊚⊐13(15).]

2. REFERENCE ⊚⊐8(8)—COLLATERAL ISSUES.
    Under Code Civ. Proc. § 1013, authorizing the court to direct a reference to take an account and report, a compulsory reference will not be directed where under the issues an examination of the account was only collaterally involved, and its examination might not be necessary under the defense set up.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 23; Dec. Dig. ⊚⊐8(8).]

Action by William G. Maas against George Swalbach and others. On motion to settle issues for trial by jury. Granted.

McGuire & Wood, of Rochester (J. Sawyer Fitch, of Rochester, of counsel), for the motion.

Chamberlain & Page, of Rochester (J. Stuart Page, of Rochester, of counsel), opposed.

RODENBECK, J. [1] This action is brought to foreclose certain land contracts assigned to the plaintiff by the defendant Swalbach in part settlement of moneys which it is claimed he unlawfully appropriated and for judgment for deficiency against him and the defendant Anton Strauss, who guaranteed the repayment of the moneys alleged to have been misappropriated. The action is for both equitable and legal relief, and the defendant Strauss, who makes this application, is entitled to a jury trial of the legal issues raised by his answer, in which

he sets up want of consideration, fraudulent representations and undue influence in securing the guaranty, and illegality in the settlement of the alleged misappropriations. Such a trial will be directed on motion of the defendant, under section 970 of the Code of Civil Procedure. Wheelock v. Lee, 74 N. Y. 495, 500; Le Frois v. County of Monroe, 88 Hun, 109, 112, 34 N. Y. Supp. 612; Snell v. Niagara Paper Co., 193 N. Y. 433, 86 N. E. 460, 25 L. R. A. (N. S.) 264.

[2] The plaintiff, however, claims that the defendant Strauss is not entitled to a jury trial, because the action involves a long account, which must be referred. Although an action on an account is an action on contract, yet under the common-law practice, if it involved extensive items, it was not triable by jury, and this practice has come down to us, and is preserved in section 1013 of the Code of Civil Procedure. The section of the Code referred to provides that the court, upon the application of either party, may refer an issue involving the examination of a long account which will not require the decision of difficult questions of law. That is not the situation here. The issues in this case may or may not require the examination of a long account, according to their determination, so that the account is only collaterally involved, and under such circumstances no reference will be directed. Camp v. Ingersoll, 86 N. Y. 433; Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562; Claflin v. Drake, 38 Hun, 144; Keller v. Payne, 51 Hun, 316, 4 N. Y. Supp. 297; Cameron v. Freeman, 18 How Prac. 310; Untermyer v. Beinhauer, 105 N. Y. 521, 11 N. E. 847.

The statement of the issues to be submitted to the jury may be stipulated, or, if not agreed upon, settled upon two days' notice.