BENSON–STABECK CO., RESPONDENT, *v.* FARMERS'
ELEVATOR CO. ET AL., APPELLANTS.

(No. 5,046.)

(Submitted January 25, 1923. Decided March 15, 1923.)

[214 Pac. 600.]

*Promissory Notes—Foreclosure of Mortgage—Corporations—
Directors—Guarantors—Liability for Failure to Make An-
nual Statement—Defenses—Legal Issues—Jury Trial—Im-
proper Denial.*

1. Where the primary purpose of an action against a corporation
was to recover on promissory notes aggregating the sum of $27,000,
and to enforce liability of its directors as co-makers and guarantors
and for failure to file the annual statements required by statute,
and the only equitable relief prayed for was the foreclosure of a
mortgage given by one of the directors on two town lots as security
for the notes, the answers of defendants consisting *inter alia* of
denials and counterclaims which were put in issue by reply, the de-
fendants were entitled to a trial by jury of the strictly legal issues
presented by the pleadings, and denial of such jury trial was error.

*Appeals from District Court, Musselshell County; Geo. P.
Jones and Geo. A. Horkan, Judges.*

ACTION by the Benson-Stabeck Company against the Far-
mers' Elevator Company of Barber, C. V. Franson, and others.
From a judgment for plaintiff, and an order denying defend-
ants' motion for new trial, all the defendants except Franson
appeal. Judgment affirmed as to defendant Franson; judg-
ment and order reversed as to other defendants, and cause
remanded, with directions to grant new trial.

*Messrs. Russell, Madeen & Clarke* and *Mr. M. J. Lamb,* for
Appellants, submitted an original and a supplemental brief;
*Mr. Charles A. Russell* argued the cause orally.

Where the issues made by the pleadings are of a legal na-
ture the parties are entitled to a jury trial. (*Consolidated etc.
Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152.) Even if
the plaintiff's case were of equitable cognizance and defendant

set up a legal defense he would be entitled to trial by jury. (*Montana O. P. Co.* v. *Boston & M. C. C. & S. M. Co.*, 27 Mont. 536, 71 Pac. 1005; *Chessman* v. *Hale,* 31 Mont. 577, 3 Ann. Cas. 1038, 68 L. R. A. 410, 79 Pac. 254.) While legal and equitable issues may be disposed of in one suit, the legal issues must be submitted to a jury. (*Mitchell* v. *Hamilton,* 98 S. C. 289, 82 S. E. 425.) The right to jury trial cannot be defeated by plaintiff writing in his complaint demand for equitable relief. (*American Creosote Works* v. *Lembcke Co.,* 165 Fed. 809.) The right to trial by jury involves submission to jury of both questions of right to recover and the amount thereof. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271, Ann. Cas. 1912B, 156, 34 L. R. A. (n. s.) 162, 94 N. E. 431; *Davidson* v. *Davidson,* 52 Mont. 441, 158 Pac. 680.)

In this case, while there was a cause of action against one of the defendants, Franson, for foreclosure, it is to be noted these defendants made such demand in their own behalf and excepted Franson from such demand. Moreover, Franson having admitted all material allegations of complaint there was nothing to try except his legal defenses. (*Lehman* v. *Coulter,* 40 S. D. 453, 168 N. W. 724; *State Bank of Cuthbert* v. *Carlton,* 44 S. D. 199, 183·N. W. 119.)

Defendants' counterclaim was more than in name only. It was an independent cause of action which if sustained would have given defendant judgment for over $11,000. It was therefore triable by a jury. (*Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 115 N. E. 993; *Sharon* v. *Fee,* 140 Minn. 278, 168 N. W. 1045; *Williams* v. *Howes,* 137 Minn. 462, 162 N. W. 1049; *Mitchell* v. *Beck,* 178 Iowa, 786, 160 N. W. 232; *Baum* v. *Stephenson,* 133 Mo. App. 187, 113 S. W. 225.)

The courts uniformly hold that legal and equitable causes of action and defenses are triable, respectively: equitable by court, and legal by jury. (*Swasey* v. *Adair,* 88 Cal. 179, 25 Pac. 1119.) Further, when the pleadings in a case, even a foreclosure, make an issue of the amount due, and the rendition of a personal judgment for the debt, defendant is entitled

to a jury trial. (*Collins* v. *Industrial Savings Soc.,* 78 Okl. 319, 190 Pac. 670; *Stevens* v. *Oklahoma Auto Co.,* 78 Okl. 126, 188 Pac. 1075; *Brewer* v. *Martin,* 40 Okl. 350, 138 Pac. 166; *Estudillo* v. *Security L. & T. Co.,* 158 Cal. 66, 109 Pac. 884; *Morton Brick & Tile Co.* v. *Sodergren,* 130 Minn. 252, 153 N. W. 527; *Hoag* v. *Washington-Or. Corp.,* 75 Or. 588, 147 Pac. 756.)

Action on note—defense legal. Entitled to a jury trial. (*First Nat. Bank* v. *Reiman,* 93 Ark. 376, 28 L. R. A. (n. s.) 530, 25 S. W. 443; *Choctaw Lumber Co.* v. *Waldrick,* 78 Okl. 232, 190 Pac. 866; *Sherman* v. *Randolph,* 13 Okl. 224, 74 Pac. 102; *Maas* v. *Dummyer,* 21 Okl 434, 96 Pac. 591; *Holmes* v. *Halstid,* 76 Okl. 31, 183 Pac. 969.)

The character of the action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties and not alone by the form in which the action is brought or by the prayer for relief which in this respect forms no material part of the pleading, especially if merely incidental to main cause of action or defense. (*Benn* v. *Throbert,* 76 Okl. 184, 184 Pac. 595; *Tobin* v. *Gantt,* 180 Okl. 73, 189 Pac. 170; *Davis* v. *Judson,* 159 Cal. 121, 113 Pac. 147; *McNutty* v. *Mt. Morres Electric Light Co.,* 172 N. Y. 410, 65 N. E. 196; *Toplitz* v. *Bauer,* 49 N. Y. Supp. 840.) The denial of jury trial in this case was error for which case should be reversed.

*Messrs. Belden & De Kalb, Mr. Merle C. Groene* and *Mr. H. V. Mercer,* for Respondent, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

The court did not err in refusing a jury trial. The defendants must concede that certain features of the case were within the jurisdiction of equity. That being so, any request coming from the defendants for a submission of the whole case to a jury was too broad a request. Thus the rule is laid down in 16 R. C. L., section 29, page 213: ''If several issues are joined in a case some triable by a jury and some by the court, a de-

mand for a jury to try all of the issues is properly refused.'' (24 Cyc. 114.)

An examination of the record will show that counsel for the plaintiff simply suggested to the court that the case was one of equitable cognizance for the foreclosure of a mortgage, and that no request was made on behalf of the defendants, or any of them, that particular features of the case be submitted to a jury. The motion, if indeed any were made, was too broad. However, we are perfectly willing to meet the defendants on their own ground on the merits of this motion; and if we assume for the sake of argument that they have before the court a motion or request which would present the question, we are prepared to show the court that it was not grantable as a matter of right and that the action of the court is fully sustained by the authorities. The provisions of section 23, Article III, of the state Constitution and the provisions of section 6724 of the Revised Codes of 1907, are not dissimilar to the provisions of other state constitutions and statutes, and from the earliest time it has been settled law, as is laid down in 16 R. C. L., section 27, page 209: ''It is one of the well established rules of the law that the constitutional guaranty that the right to trial by jury shall remain inviolate, has no reference to equity cases.'' (See, also, *Ex parte Young,* 209 U. S. 123, 14 Ann. Cas. 164, 13 L. R. A. (n. s.) 932, 57 L. Ed. 714, 28 Sup. Ct. Rep. 441 [see, also, Rose's U. S. Notes]; *Pacific Railway Co.* v. *Wede,* 91 Cal. 449, 25 Am. St. Rep. 201, 13 L. R. A. 754, 27 Pac. 768.)

A mortgage foreclosure is and always was of equitable cognizances. Thus, in 24 Cyc. 116, it is said: ''Suits to foreclose mortgages are equitable and are triable by the court without a jury.'' The plaintiff was obliged in this instance to come into a court of equity by virtue of statutory provisions of this state. Under the provisions of section 9467, Revised Codes 1921, we are commanded: ''There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in

accordance with the provisions of this chapter." That chapter is the chapter pertaining to the foreclosure of mortgages. We could have been successfully met, had we proceeded otherwise, with the defense that the debt was secured by a mortgage. This section was adopted from California, and the provisions in this respect of section 726 of the California Code of Civil Procedure are identical. Under that section it is the uniform holding of the California court that persons who are indorsers of a note secured by mortgage must be made parties to the action to foreclose. (See *Hubbard* v. *University Bank,* 125 Cal. 684, 58 Pac. 297.) "In several states the laws now authorize the mortgagee to join as defendants any who may be personally liable for the mortgage debt, and have judgment against them, as well as against the mortgagor, for any deficiency; and under such a provision an indorser or guarantor may be made a party." (27 Cyc. 1579. *Jacks* v. *Estee,* 139 Cal. 507, 73 Pac. 247; *Curtiss* v. *Hazen,* 56 Conn. 146, 14 Atl. 771; *Miller* v. *McLaughlin,* 132 Mich. 234, 93 N. W. 435; *Steele* v. *Grove,* 109 Mich. 647, 67 N. W. 963; *Glacius* v. *Fogel,* 88 N. Y. 434; *Fanning* v. *Murphy,* 117 Wis. 408, 94 N. W. 335; *Kuener* v. *Smith,* 108 Wis. 549, 84 N. W. 850; *Halbach* v. *Trester,* 102 Wis. 530, 78 N. W. 759.) The selection of a court of equity as a forum in this instance was not through design upon the part of the plaintiff, but by virtue of statutory command. The action was at its inception, and so remained throughout, an equitable one. In 24 Cyc., page 126, it is said: "The fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial." (*Angus* v. *Craven,* 132 Cal. 691, 64 Pac. 1091.) Again the rule is stated with reference to counterclaim in 24 Cyc. 127: "In the absence of statute a defendant who pleads a counterclaim in an equitable action is not entitled to a jury trial of the issues arising thereon, notwithstanding the cross-demand constitutes an independent cause of action upon which a separate action might have been brought and a jury trial demanded." (16 R. C. L., sec. 30; *Johnson*

*Service Co.* v. *Kruse,* 121 Minn. 28, Ann. Cas. 1914C, 850 and note, 140 N. W. 118.)  One of the latest statements of the rule is from the Idaho court, in *Dover Lumber Co.* v. *Case,* 31 Idaho, 276, 170 Pac. 108, where a counterclaim was interposed to a mortgage foreclosure.

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff brought this action on five promissory notes, all dated April 27, 1918, aggregating the sum of $27,000, payable January 1 following, with interest at the rate of seven per cent per annum from date.  Each bears the signature of the president and secretary of the defendant company and contains the following indorsement: "For value received we, the undersigned, guarantee the payment of the within note at time of maturity or any time thereafter, waiving demand, notice of payment and protest," and was signed by Henry Bartz, W. M. Nelson, John O'Toole, C. V. Franson, Jacob Zeier, Fred H. Cavill, Chas. Witt, and Oscar Stageberg, the individual defendants in the action.  They were all renewals of prior notes.

The complaint alleges that, contemporaneously with the execution of the notes, the defendant Farmers' Elevator Company, hereinafter called the Elevator Company, executed and delivered to plaintiff a chattel mortgage in writing upon a certain elevator situated at Barber, Mont., together with its fixtures and its contents; that, in accordance with the terms of the mortgage, after default in the payment of the notes, plaintiff foreclosed the mortgage by summary process, sold the property covered thereby on the 10th day of April, 1919, and indorsed on the notes the sum of $5,805.30, the net amount realized from the sale, after deducting costs and attorney's fees.  Another paragraph in the complaint alleges that, for the purpose of securing the notes, the defendant Franson executed and delivered to plaintiff a mortgage on two lots in the town site of Barber, Montana.  There is another allegation in the complaint to the effect that the individual defendants, as directors, have failed, neglected and refused to file the annual

statements required by statute, and had thereby rendered themselves liable for all the debts of the corporation, including the promissory notes mentioned. The prayer is for judgment against the defendants and each of them for the amount of the notes, interest and attorney's fees; that the Franson mortgage be foreclosed as provided by law, the proceeds of the sale applied upon the notes, and a judgment for any deficiency remaining unpaid be rendered against all the defendants.

The answer of the defendant company for itself denies that Franson was one of its directors; admits the execution and delivery of the notes by the defendants and the giving of the mortgage by Franson, but denies that any or either of them were executed for a valuable consideration; admits that the company executed and delivered the chattel mortgage to plaintiff; admits that the mortgage was foreclosed and the elevator sold; but alleges that the consideration for the notes and chattel mortgage was illegal, fraudulent, null and void.

In a second and separate defense it alleges affirmatively that the notes and the chattel mortgage on the elevator were executed and given to plaintiff with the distinct understanding and agreement that they should stand as collateral only to any account of indebtedness that the defendant might incur "by reason of advance to be made or credit to be extended for grain purchased, and not otherwise, or as renewals of such notes so given," and that there was never any primary or other consideration therefor, and that defendant was not at the time of the execution of the notes or either of them indebted to plaintiff, and is not now indebted to plaintiff at all; that, if such indebtedness at any time existed, the same was created by plaintiff and the manager of the defendant, without the authority of the Elevator Company and illegally.

The substantive allegations of the third affirmative defense are as follows: That at the time covered by all of these transactions "the plaintiff was ostensibly engaged in the business of broker and commission agent upon the Chamber of Commerce at Minneapolis, and the Board of Trade of Duluth, Minnesota,

dealing in grains, provisions and other commodities, but that it was, in fact, executing contracts, options, purchases and sales, trades, deals and futures · in grains and other commodities,'' wherein neither party to the transaction contemplated or intended handling or delivering the thing ostensibly purchased or sold, but did contemplate and intend that the transactions should be settled upon the basis of the public market quotations of prices upon such Chamber of Commerce or Board of Trade without a *bona fide* transaction; that the plaintiff and Franson contemplated and intended that their transactions might be deemed terminated when the public market quotation of prices should reach a certain figure; that between January 1, 1914, and January 1, 1918, the plaintiff executed orders for purchases, sales, or deals and trades in options and futures in grain ostensibly for the Elevator Company, but in fact for Franson personally, in excess of 475,000 bushels of grain, and failed to furnish the statement required by the provisions of section 8994 of the statute of the state of Minnesota; that all the purchases and sales thus carried on between Franson and the plaintiff were illegal and entailed losses in the sum of $41,527 and more, which losses were charged against the Elevator Company in the grain accounts of the plaintiff. For further defenses and as counterclaims the defendant Elevator Company seeks to recover of the plaintiff $12,000 for grain shipped to, and received by, it, sold and not paid for, and $10,000 damages for selling the elevator and converting the proceeds realized from the sale thereof.

The answer of the individual defendants contains admissions similar to those in the answer of the Elevator Company, and alleges affirmatively that they signed the promissory notes as guarantors with the understanding and agreement that they should stand as collateral only to any indebtedness that the Elevator Company might incur in legitimate transactions growing out of buying grain and shipping it to market for sale. It also affirmatively alleges that Franson gambled on the grain markets of Minneapolis and Duluth, the plaintiff acting as·

broker therein, and that plaintiff wrongfully charged the losses sustained therein up to the Elevator Company in the grain account upon its books without their knowledge or consent as directors, and that such attempted balancing of the accounts was illegal. They also deny that they failed to file the annual statement required of them as directors.

The reply puts in issue all the allegations of both answers and the counterclaims of the Elevator Company. Upon these issues the case was called for trial. Whereupon counsel for the defendants who have appealed made suitable demand for a trial by jury of the issues between themselves and the plaintiff. The court denied the motion upon the ground that the cause was one entirely in equity. To this ruling exception was taken. From the judgment rendered and the denial of their motion for a new trial all the defendants except Franson have appealed.

Was there presented in the court below a case wherein the [1] defendants, other than Franson, were entitled to a jury trial?

Section 23 of Article III of our Constitution provides that the right of a trial by jury shall be secured to all and remain inviolate. Section 6724 of the Revised Codes of 1907 (sec. 9327, Rev. Codes 1921) speaks in definite terms upon this question, and provides that "in actions for the recovery of  *  *  * money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived or a reference is ordered as provided in this Code. Where in these cases there are issues both of law and fact, the issue of law must be first disposed of. In other cases issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury, or to be referred to a referee, as provided in this Code."

The plaintiff's contention is that the notes were given as security for money advanced in good faith to further the business operations of the Elevator Company. The defense is that

the plaintiff wrongfully took the money for which the notes were given and credited it on account of gambling contracts which it had been carrying on with Franson unbeknown to defendants as directors, wrongfully and without their authority.

The primary right sought to be enforced by the plaintiff against Franson is the foreclosure of the mortgage on the two lots in the town of Barber, and the application of the proceeds derived from a sale thereof as a credit on the notes; against the Elevator Company it is to fix its liability as maker of the notes and against the individual defendants, as guarantors, and the assessment of the penalty for their failure, as directors, to file the annual statement required by section 3850 of the 1907 Codes (sec. 6003, Rev. Codes 1921). No equitable relief other than the foreclosure of the Franson mortgage is asked. The demands against the corporation and the individual defendants merely are ''for money claimed as due upon contract'' (Rev. Codes 1907, sec. 6724 [sec. 9327, Rev. Codes 1921]), and the penalty visited upon the defaulting directors above referred to. By the very terms of the section (6724 [9327]) the issues upon the notes between the plaintiff and all the defendants who have appealed must be tried by a jury. The same must be said of the demand based upon the failure of the directors to file the annual statement. That they are all legal demands for determination by a jury is too clear to require more than bare reference to the above statutes. However, to more effectually answer the argument of counsel for the plaintiff, a brief review will be made of a few of the cases which support the propositions here announced.

*Lehman* v. *Coulter,* 40 N. D. 177, 168 N. W. 724, was an action to foreclose a chattel mortgage. The answer admitted all the allegations of the complaint, thus disposing of all the equitable issues in the case. Defendant also interposed two counterclaims for the recovery of money. The court said: ''Where one brings an action to foreclose a chattel mortgage, and the answer admits all the allegations of the complaint, all of the equity matters in such case are disposed of, and there

is nothing before the court further to be considered in such equity proceedings; and where the answer, in addition to admitting all the allegations of the complaint in such equity proceedings, pleads two counterclaims for specific amounts for the recovery of money only, and at the time of the trial defendant demands a jury trial, such jury trial cannot be denied to him, and he is entitled to such jury trial as a matter of strict legal right." The above holding was adhered to in *Farmers' National Bank* v. *Tudor* (N. D.), 183 N. W. 845.

*State Bank of Cuthbert* v. *Carlton,* 44 S. D. 199, 183 N. W. 119, was an action on two notes. The answer denied every allegation except the execution of the first note and pleaded a counterclaim. The complaint sought judgment upon the first note and reformation of the second. There were issues of fact as to the existence of the counterclaim. It was held that the ruling of the trial court that the issues were triable without a jury was erroneous, the court saying: "So far, at least, as one note was concerned, there were no issues raised except such as should have been tried by a jury."

In *Maas* v. *Swalbach,* 96 Misc. Rep. 559, 160 N. Y. Supp. 846, the supreme court said: "This action is brought to foreclose certain land contracts assigned to the plaintiff by the defendant Swalbach in part settlement of moneys which it is claimed he unlawfully appropriated and for judgment for deficiency against him and the defendant Anton Strauss, who guaranteed the repayment of the moneys alleged to have been misappropriated. The action is for both equitable and legal relief, and the defendant Strauss, who makes this application, is entitled to a jury trial of the legal issues raised by his answer, in which he sets up want of consideration, fraudulent representations and undue influence in securing the guaranty, and illegality in the settlement of the alleged misappropriations. Such a trial will be directed on motion of the defendant, under section 970 of the Code of Civil Procedure. (*Wheelock* v. *Lee,* 74 N. Y. 495, 500; *Le Frois* v. *County of Monroe,* 88 Hun, 109, 112, 34 N. Y. Supp. 612; *Snell* v. *Niagara*

*Paper Co.,* 193 N. Y. 433, 86 N. E. 460, 25 L. R. A. (n. s.) 264.)'' To the same effect, see *McNulty* v. *Mt. Morris Electric Light Co.,* 172 N. Y. 410, 65 N. E. 196; *Sallady* v. *Webb,* 2 Ohio Cir. Ct. R. 553, and *Buller* v. *Milner,* 95 Kan. 463, 148 Pac. 605.

The grafting of the foreclosure proceeding against Franson alone upon the strictly legal issues between the plaintiff and the other defendants as makers and guarantors of the notes in suit, respectively—the primary purpose for which this action was brought—cannot deprive them of the right to a trial by jury recognized by section 6724, *supra.* There being issues of fact to be determined between all the parties except Franson, their dispute should have been submitted to a jury as an action at law in deference to their constitutional right.

The judgment as to Franson is affirmed. The judgment as to the other defendants is reversed, as is also the order denying them a new trial, and the cause is remanded to the district court of Musselshell county, with directions to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

## OPINION ON MOTION FOR REHEARING.

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff has filed an exhaustive petition for a rehearing, in which it is insisted that, conceding that defendants were entitled to a jury trial as an abstract proposition of law, nevertheless such a trial would avail them nothing because: (1) Neither of the affirmative defenses or counterclaims states facts sufficient to constitute a defense to the plaintiff's cause of action; and (2) the evidence discloses that, even if the defenses were properly pleaded, the allegations as to the gambling transactions were not proven upon the trial, and the

court would have been obliged to direct the jury to return a verdict for the plaintiff at the conclusion of the evidence upon its motion.

We have carefully re-examined the pleadings of the respective defendants, and are of the opinion that the third affirmative defense and the first and second counterclaims do state facts sufficient, if proven, to *prima facie* establish that the plaintiff and Franson were engaged in gambling transactions without the knowledge or consent of the board of directors of the Elevator Company. The motion for a rehearing is therefore denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.