SOLBERG, APPELLANT, v. SUNBURST OIL & GAS CO. ET
AL., RESPONDENTS.

(No. 5,408.)

(Submitted March 10, 1924.   Decided March 27, 1924.)

[225 Pac. 612.].

*Mines and Minerals—Oil and Gas Leases—Forfeiture—Release
of Record—Damages—Jury Trial.*

Oil and Gas Lease—Forfeiture—Refusal to Release of Record—Damages
—Jury Trial.
  1. *Held,* that an action to compel the release of an oil and gas lease
  of record on the ground that the lessee had failed to commence drill-
  ing operations within the time fixed in the lease, by reason of which
  it became forfeited, and for the recovery of the statutory penalty,
  damages and attorney's fees (secs. 6902, 6903, Revised Codes of
  1921), is one at law, entitling plaintiff to a jury trial.
Leasehold Estates—Disputes as to Covenants—When Cognizable at Law.
  2. In respect to covenants pertaining to leasehold estates where the
  elements of fraud, accident and mistake are wanting and the measure
  of compensation is uncertain, equity will not interfere.

*Appeal from District Court, Toole County, in the Nineteenth
Judicial District; C. W. Pomeroy, Judge of the Eleventh Dis-
trict, Presiding.*

ACTION by Martin Solberg against the Sunburst Oil & Gas
Company and another.   From a judgment for defendants, dis-
missing the action, plaintiff appeals.   Reversed and remanded.

*Mr. Louis P. Donovan,* for Appellant, submitted a brief and
argued the cause orally.

*Messrs. McIntire & Murphy* and *Messrs. Norris, Hurd &
Rhoades,* for Respondent, submitted a brief; *Mr. Geo. E. Hurd*
argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff for the release of
record of an oil and gas lease, the recovery of the statutory

penalty of $100, damages alleged at $16,000, and the sum of $2,000 averred to be a reasonable attorney's fee. Plaintiff alleges in his complaint that he is the owner of 320 acres of land in Toole county, particularly described, and that on July 19, 1920, he made, executed, acknowledged and delivered to defendant Gordon Campbell an oil and gas lease on such premises, and that the lease was duly recorded in the office of the county clerk of Toole county on March 12, 1921; that thereafter on or about June 28, 1922, by mesne conveyances duly executed and recorded, the defendant Sunburst Oil & Gas Company succeeded to and acquired from the lessee named in the lease an interest therein; that Gordon Campbell, his successors and assigns, failed to perform the terms and conditions of the lease, in that they failed to commence drilling operations in what is known as the Rocky Ridge Dome on or before March 19, 1921; that by reason of such failure to perform the terms and conditions of the lease it became forfeited; that notwithstanding such forfeiture the defendants neglected and refused to execute a release of such lease within sixty days from the date of such forfeiture, and neglected and refused to have it released of record, although written demand was made on the defendants that the lease be released of record more than twenty days before the commencement of this action.

The defendant Gordon Campbell did not appear in the action. Defendant Sunburst Oil & Gas Company appeared, and by its answer denied the alleged forfeiture of the lease, damages to the plaintiff, and affirmatively pleaded new matter by way of waiver and estoppel. Issue was joined by reply. The case was brought on for trial to a jury. Early in the trial in the presentation of plaintiff's case question arose as to whether the action is one in equity or at law, and, consequently, whether the function of the jury was more than advisory to the court. The following colloquy occurred between the court and counsel:

"The Court: By the way, gentlemen, are you agreed as to whether this is a case for a general verdict or special findings?

I thought, while we were on that feature of it, I would call your attention to that; it seems to me it ought to be determined. I thought from some remarks made by counsel in examining the jury that possibly they thought a general verdict would be proper.

"Mr. Hurd: Frankly, I will say to the court that, so far as I am personally concerned, I am in doubt whether it is an equitable action or an action at law. When I first read the complaint, it occurred to me it was purely one of equitable cognizance, but looking at it now, with the evidence presented so far as produced by the plaintiff, I am not so sure but that it may be purely an action at law. It is on the border line; it is a cancellation of a lease. Generally speaking, cancellation of any instrument is within the equitable jurisdiction of the court, and not a matter of an action at law. Likewise, ordinarily the enforcement of a forfeiture is a matter cognizable at equity. Of course, I can conceive cases of forfeiture where they are not such as to fall within the proof of an action at law, but it does occur to me though, at this time, so far in this case, that it must be an equitable action.

"The Court: What is your idea, Mr. Donovan, on that point? Mr. Donovan: My view of the matter has been that it is an action at law, and that it is not an action for either cancellation or forfeiture. This lease, if the facts we allege are true, is not to be forfeited by the court, but was forfeited when the lessee breached the conditions; in other words, it is terminated by its own terms, and the action is one for a penalty and damages for failure of the lessee to release it of record. Now, of course, in asserting his right to damages and to the penalty, the question as to whether or not the lessee has complied with the terms and conditions of the lease arises, and is the very basis upon which the right of recovery must be asserted. We contend the action is primarily an action for damages and to recover a penalty.

"The Court: Well, is there a statute that applies?

"Mr. Donovan: Yes, your honor, there is a special statute.

"The Court: What is the statute?

"Mr. Donovan: 6902."

At the conclusion of all the evidence introduced on the part of the plaintiff and the defendant company the jury was discharged on motion of counsel for the defendant company, and the court made its findings of fact and conclusions of law in favor of the defendant company, upon which judgment was entered, dismissing the action, and awarding the defendant company its costs. The appeal is from the judgment.

Plaintiff's first specification of error assigned raises question, **[1]** in our opinion, determinative of this appeal, *viz.*: Did the court err in discharging the jury, thus denying to plaintiff the right of trial by jury?

The statutes upon which this action is predicated, so far as necessary to be here considered, read:

"When any oil, gas, or other mineral lease heretofore or hereafter executed shall become forfeited, it shall be the duty of the lessee, his successor or assigns, within sixty days from the date this Act shall take effect, if the forfeiture occurred prior thereto, and within sixty days from the date of the forfeiture of any and all leases, to have such lease released from record in the county where the leased land is situated without cost to the owner thereof." (Sec. 6902, Rev. Codes 1921.)

"Should the owner of such lease neglect or refuse to execute a release as provided by this Act, then the owner of the leased premises may sue in any court of competent jurisdiction to obtain such release, and he may also recover in such action of the lessee, his successor or assigns, the sum of one hundred dollars as damages, and all costs, together with a reasonable attorney's fee for preparing and prosecuting the suit, and he may also recover any additional damages that the evidence in the case will warrant. In all such actions writs of attachment may issue as in other cases. (*Id.*, sec. 6903.)

And it is required, before instituting the action authorized, that the owner of the leased land shall serve written demand upon the holder of the lease to release it of record. (*Id.*, sec. 6904.)

This action being based entirely on these statutory provisions, as said by the supreme court of Oklahoma, applicable here: "The reason for the statute is apparent for the reason an oil and gas lease that is unreleased is a cloud upon the title. We think the reason is very similar to cases regarding releases of mortgages upon real estate. Numerous states together with our own [Mont., sec. 8271, Rev. Codes 1921] have a statute providing for penalties for failure to release." (*Dixon* v. *McCann,* 87 Okl. 109, 206 Pac. 597.) (See, also, *Mollohan* v. *Patton,* 110 Kan. 663, 202 Pac. 616, 205 Pac. 643.)

The primary question for determination is whether the action is properly classed as one at law or in equity. If equitable in nature, there was no error committed in taking the case away from the jury; however, if the action is one at law, then the plaintiff was deprived of a constitutional privilege and the cause must be remanded for a new trial.

The seventh amendment to the Constitution of the United States, which was in force in Montana at and prior to its admission to statehood, provides in part: "In suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

And section 23 of Article III of the Constitution of Montana provides in part: "The right of trial by jury shall be secured to all, and remain inviolate." And the statute specifically guarantees the right of trial by jury "in actions for the recovery of * * * money claimed as due on contract, or as damages for breach of contract." (Sec. 9327, Rev. Codes 1921; *Benson-Stabeck Co.* v. *Farmers' Elevator Co.,* 66 Mont. 395, 214 Pac. 600.)

"The right must be determined by the real, meritorious controversy between the parties, as shown by the whole case; and

if it is essentially of an equitable nature, or if some essentially
equitable remedy is invoked as contradistinguished from legal
questions and remedies, the case should be tried by the court.
Otherwise the parties are entitled to a jury.'' (16 R. C. L.,
p. 212.)  The forfeiture or abandonment of an oil and gas lease
is usually a question for a jury.  (Thornton on the Law of Oil
and Gas, 3d ed., sec. 211.)

In respect to covenants pertaining to leasehold estates, where
[2] the elements of fraud, accident and mistake are wanting
and the measure of compensation is uncertain, equity will not
interfere.

By the Act under consideration a purely statutory remedy,
not theretofore existing, is conferred, and, although it embodies
the equitable relief of a release of record, it must be classed as
an action at law.  It authorizes judgment for a penalty and
damages because of the forfeiture of the lease, and in determin-
ing whether the plaintiff is entitled to recover the penalty or
damages, either or both, the issue is whether the lessee has
neglected or refused, after forfeiture of a lease and demand
for a release, to have the lease canceled of record. First the
forfeiture must be shown; second, demand for release, and
third, the failure of the lessee to release the lease of record.
These facts being proven, the plaintiff is entitled to the stat-
utory penalty and such damages as are shown to have resulted
from the failure of the lessee to clear the record.  Unless a
forfeiture has occurred, there is no right of recovery of the
penalty or damages, and necessarily the amount of damages the
lessor is entitled to recover is purely a question of fact.  And
an attachment is authorized to be issued ''as in other cases,''
clearly indicating that it was the intention that the action
should be considered as one at law.

Again, if only the equitable relief of clearing the record is
desired, not damages, the lessor has an undisputable remedy
of an action to quiet title or by cancellation.  (Sec. 9479, Rev.
Codes 1921; *Id.*, sec. 8733.)  In view of these existing remedies

for clearing the record title, it is manifest that, when the legislature enacted the sections on which this action is based, in 1917 (Chap. 22, Laws 1917), its primary object was to penalize the lessee for a failure to clear the record after forfeiture of the lease.

As respects the failure of the mortgagee to release a real estate mortgage after full performance of its conditions, we have a similar statute (sec. 8271, Rev. Codes 1921) which has long been in existence, authorizing the recovery of a penalty, and also damages for the neglect or refusal of the mortgagee to satisfy the mortgage of record after performance of the conditions thereof by the mortgagor. It provides only for the recovery of a penalty and actual damages occasioned by reason of the failure to clear the record. It is likewise a special statutory action, and from the language used there is no doubt but what it was intended by the lawmakers as a legal remedy. In addition to this statute, the mortgagor is also accorded independent action in equity to clear the records. In enacting the statutes forming the basis of this action, it seems to us clear that the legislature intended to accord to the lessor of lands leased for oil, gas or other mineral development a similar remedy to that which then existed in favor of mortgagors. But it was determined, in order to avoid multiplicity of suits, to accord the lessor the privilege of obtaining desired relief in the one action, and therefore the right of obtaining a clearance of the record and of recovery of the penalty and damages for failure of the lessee so to do was accorded as a remedy to the lessor in a single action. Thus a trial by jury is the absolute right of either the plaintiff or defendant, unless waived by consent of the parties expressed in such manner as is prescribed by law.

As was pertinently said by Mr. Chief Justice Neil, speaking for the supreme court of Tennessee in the case of *State ex rel. Mynatt* v. *King*, 137 Tenn. 17, 191 S. W. 352: "Where dispensing with a jury is asserted as the distinguishing feature of

a new form of action provided by the legislature,    *   *   *
that purpose should clearly appear from the face of the Act.
Certainly the court cannot do so formidable a thing as to raise
the denial of so great a privilege on mere general construction,
unless the materials for such construction be so abundant and
so significant as to lead our minds conclusively and easily to
that result.''

In *Stevens* v. *Home Savings etc. Assn.,* 5 Idaho, 741, 51 Pac.
779, 986, the court held, in a suit brought by a mortgagor to
recover the statutory penalty for failing to discharge of record
a mortgage which had been fully satisfied, the parties or either
of them have an absolute right to a trial by jury.

The case of *Donahue* v. *Meister,* 88 Cal. 121, 22 Am. St. Rep.
283, 25 Pac. 1096, was an action brought under the Code of
Civil Procedure of California to quiet title to a certain quartz
lode mining claim, showing the plaintiff to be in possession.   The
answer set up in defense that the defendant was rightfully in
possession, and was by the plaintiff ousted therefrom before the
commencement of the action.   It was held that under such
issues the defendant was entitled to a jury trial.   Discussing
the Code remedy, Mr. Justice McFarland, speaking for the
court, said: ''The main effect of said section is to give parties
the right to compel others, by suit, to litigate and determine
controversies in cases where such right did not before exist; but
if in such a suit issues arise which are clearly legal and cog-
nizable in a court of law, the Code does not take away the
right to have such issues tried by a jury.''

In *Chessman* v. *Hale,* 31 Mont. 577, 3 Ann. Cas. 1038, 68
L. R. A. 410, 79 Pac. 254, which was an action to enjoin the
commission of a nuisance and for damages, this court, speaking
through Mr. Commissioner Poorman, and reviewing many cases
in support of the text, said: ''Under the statute, 'the abate-
ment of a nuisance does not prejudice the right of any person
to recover damages for its past existence' (sec. 4555, Civil
Code), and 'the remedies against a private nuisance are: (1)

A civil action; or (2) abatement' (sec. 4590, Civil Code), or the aggrieved party may, under section 1300, Code of Civil Procedure, bring one action for the double purpose of abating the nuisance and the recovery of damages. This is a privilege which the law gives, and in its exercise the party is not required, as a condition for restoring thereto, to waive his right to trial by jury; nor can he, by voluntarily asking equitable relief in addition to legal relief, deprive the defendant of this right.

"If the right of trial by jury existed at the time of the adoption of the Constitution of the state, or of the seventh amendment to the United States Constitution, it still exists, and cannot be taken away by legislative enactment. It cannot become obsolete, for it is perpetuated by the state Constitution, and it continues so long as the constitutional provision continues."

It is our opinion that the court was in error in taking the case from the jury, and therefore the cause is reversed and remanded to the district court of Toole county for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Stark concur.

Rehearing denied May 1, 1924.