## YORE, RESPONDENT, *v.* MURPHY, APPELLANT.

CHANGE OF VENUE—*Practice—Joinder of causes of action.*—In the case at bar the complaint contained two causes of action in tort. In the first cause of action the county in which the tort was committed was stated. In the second it was not. Section 59, Code of Civil Procedure, relating to venue in civil actions, provides, in substance, that in all other cases the action shall be tried in the county in which the defendant resides at the commencement of the action, and action for torts in the county where the tort was committed. *Held,* that upon the second cause of action a change of venue was properly granted to the county of defendant's residence, and that defendant's right to a change of venue could not be abridged by reason of the first cause of action being properly triable in the county where the action was commenced.

*Appeal from Eighth Judicial District, Cascade County.*

Defendant's motion for a change of venue was denied by BENTON, J.

Statement of the case by the judge delivering the opinion.

This appeal is from an order denying a motion for a change of venue made by the defendant.

The complaint states two causes of action. The first is, that on June 20, 1890, in the county of Cascade, plaintiff was the owner and in possession of a band of sheep, describing them, and alleging their value; that at said time, and while plaintiff was such owner and in possession in said Cascade County, where she was keeping said sheep, the defendant did, against the consent of plaintiff, unlawfully, and with force, take from the pos-

session of plaintiff all of said sheep, and converted the same to his use, to the damage of plaintiff in the sum of $12,775. The amount of damages alleged is the same sum as the value formerly pleaded.

The second cause of action is, that on June 20, 1890, plaintiff was the owner and entitled to the possession of certain horses, describing them, and placing upon them a value; that on said day, while plaintiff was the owner and so entitled to possession, the defendant was in possession and refused to deliver the same upon demand, and still refuses, and has unlawfully converted the same to his own use, to the damage of plaintiff in the sum of $700. The allegation of damage is in the same sum as the statement of value. The second cause of action varies from the first in that the place of alleged conversion is not stated; and the wrongful act, if there be one, is stated to be in the retaining, and not the taking of the property.

The complaint concludes: "So that plaintiff avers that by the wrongful acts of defendant hereinbefore alleged, she has been damaged in the aggregate by the defendant in the sum of $13,475, and she is entitled to recover of him that amount, with interest on the same from the date of the said wrongful acts until paid." It will be observed that the aggregate damage alleged is the same sum as the aggregate value pleaded. The demand is for said sum and interest from June 20, 1890, until paid, and costs.

Complaint was filed August 25, 1890, in the District Court for Cascade County. Summons was served on defendant August 26, 1890, in the county of Lewis and Clarke. Defendant filed a demurrer October 4, 1890. On the same day he filed a written demand that the place of trial be changed to Lewis and Clarke County, and therewith an affidavit of merits, and an affidavit that the place of his residence was Lewis and Clarke County. That he was a resident of said county was not controverted. On these papers defendant moved for a change of venue, on the ground that the county designated in the complaint is not the proper county, for the reason that defendant is a resident of Lewis and Clarke County, and was served with summons in said county.

The statute, in reference to change of venue, is as follows:—

Sec. 59. In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or if none of the defendants reside in the State, or if residing in the State, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants be about to depart from the State, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contract may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this act.

Sec. 61. If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.

Sec. 62. The court may, on good cause shown, change the place of trial in the following cases:—

*First*—When the county designated in the complaint is not the proper county.

*Second*—When there is reason to believe that an impartial trial cannot be had therein.

*Third*—When the convenience of witnesses and the ends of justice would be promoted by the change.

*Fourth*—When, from any cause, the judge is disqualified from acting in the action.

The District Court denied the motion to change the place of trial. From that order the appeal is prosecuted, and constitutes the only question before this court.

*Cullen, Sanders & Shelton,* for Appellant.

The sole question is, whether, under section 59, page 72, Code of Civil Procedure, defendant is entitled, as a matter of right, to have the place of trial changed to the county of his

residence. Section 59, as originally taken from the Code of Civil Procedure of the State of California, was in the exact words of said section in the Montana Code of Civil Procedure, except the last sentence of said section, which was omitted. That last sentence reads as follows: "Actions upon contracts may be tried in the county in which the contract was to be performed; and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this act." Under the decisions of California and Nevada, in construing this section as it existed in the Codes of those States, the right of the defendant to have the action tried in the county of his residence was absolute. The court had no discretion. (*Williams* v. *Keller,* 6 Nev. 141; *Watkins* v. *Degener,* 63 Cal. 500.) The question now arises, has the last sentence above quoted changed the rule of law? Endlich on the Interpretation of Statutes, section 435, lays down the rule: "Where the authority to proceed in courts of justice is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of procedure is mandatory and must be strictly complied with, or the proceedings will be void."

It will be observed that section 59 provides that in all other cases the action shall be tried in the county in which the defendant resides. The last sentence of said section provides that the action may be tried in the county in which the contract was to be performed, or the tort committed; subject, however, to the power of the court to change the place of trial, as provided in the act. This manifestly means that the defendant has the right to have the action tried in the county of his residence, and if he appears in the time and manner provided in said act, and demands to have the place of trial changed, the court must grant the motion. If he does not make the demand, however, then the court has jurisdiction to try the case. If we give the last sentence of said section the construction placed upon it by the plaintiff, it can be nothing more than a limiting clause, and under the rule of interpretation laid down in such cases, is to be restrained to the last antecedent. Punctuation is not to be regarded in construing a statute. (*Cushing* v. *Worrick,* 9 Gray, 382; Endlich's Interpretation of Statutes, § 61; *Hum-*

*mock* v. *Farmers' Loan etc. Co.* 105 U. S. 77.) Hence we can treat the last sentence of said section as if there were a comma between the word "had" and the word "actions." Then, under the rule above quoted, that a limiting clause is to be restrained to the last antecedent, we find that actions may be tried in the county where the contract was to be performed or the tort committed, when none of the defendants reside in the Territory, or the county in which they reside is unknown, or when the defendants may be about to depart from the Territory. This interpretation gives effect to the permissive word "may," made use of in said section, and gives force also to the mandatory word "shall," in the first part of said section. (*Cushing* v. *Worrick,* 9 Gray, 382; *Hyatt* v. *Allen,* 54 Cal. 358; 2 Dwarris on Statutes, 590, 591; Endlich's Interpretation of Statutes, p. 581.)

*Leslie & Baum,* for Respondent.

The only question involved is whether that portion of section 59, Code of Civil Procedure, which reads, "Actions upon contracts may be tried in the county in which the contract was to be performed; and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this act," confers such jurisdiction in this case upon the District Court of Cascade County as will preclude appellant, upon motion, changing the venue to Lewis and Clarke County. If the provision above quoted from section 59 had been omitted from the section, as was done in the California Code, the two cases cited by the appellant's counsel in 6 Nev. 141, and 63 Cal. 500, would apply. Indeed, the meaning of the statute is so apparent, in the absence of the quoted sentence, it is difficult to see how any controversy could arise over its meaning.

Our position is not at variance with the principle laid down in Endlich on the Interpretation of Statutes, section 435. The provision in section 59, that "in all other cases the action shall be tried in the county in which the defendant resides," etc., has several qualifying provisions following, among them is the last sentence in the section, upon which we rely, and which is in the nature of a proviso to the first provision of the section. If

counsel for appellant insists upon striking out the period after the word " had,". and thereby destroying the force of what follows as an independent provision, we submit that no violence will be done the statute either in the grammatical construction or perspicuous diction by substituting a semicolon in lieu of a comma, giving it the dignity, which was clearly the legislative intent, of an exception to the first general provision of the section. To interpret its meaning as counsel for appellant does, that the defendant has the right to transfer his case upon motion, would be to accuse the legislature of the grossest tautology. Every action may be tried in the county where brought, if the defendant does not exercise his right to change the venue to the proper county. (§ 61. Comp. Stats.)

We do not believe it was the intention to embody any part of section 61 in section 59, and more especially in the obscure way that appellant's interpretation would place it. The first clause of section 59 is a general provision. That portion of the section we rely upon is one applying to cases of two particular classes. In short, a special or *particular* provision. They are provisions, each upon an independent footing. When a general and particular provision are inconsistent, the latter is paramount to the former. (See § 631, first div. Comp. Stats.) Applying this rule, the concluding sentence of section 59 can mean this, and this only, as applicable to this case, that the plaintiff may institute her case in Cascade County, where the tort was committed, because the word "may" is permissive; or she might at her option have instituted her action in the county of the defendant's residence, or where he might have been found; subject in either case to the power of the court to change the place of trial as provided in subdivisions second, third, and fourth of section 62, Compiled Statutes. To extend the power of the court to the first subdivision of said section would be but a repetition of section 61.

DE WITT, J.—Respondent contends that the last sentence of section 59 fixes the place of trial in Cascade County, and retains it therein, while appellant insists upon his right to the change.

It is necessary to determine whether the action is in contract or in tort. For, if in contract, it seems that the face of the

contract must disclose that it was to be performed in the county in which the action was commenced, in order to lay and retain the venue in that county. But we need not decide that point, for we are of opinion that the action sounds in tort. In actions growing out of the taking or retaining of personal property, the pleader may declare in replevin, or in conversion, or may waive the tort, and sue upon an implied contract. It is sometimes difficult to determine which course the pleader has intended to pursue. But in this case we believe that it is determinable. There is a clear allegation of a wrongful taking in one cause of action, and a wrongful detaining in the other. In each, there is an allegation of conversion, and in each, a statement of damages to plaintiff. She demands a judgment for the amount in which she says she is damaged, which amount she lays at the value of the property at the time of conversion, and interest. The whole tenor of the complaint leads to the conclusion that the action is in tort. Then, as to the place of its commission. The tort, set up in the first cause of action, is explicitly alleged to have been committed in Cascade County. The second cause of action, for tort also, is separately stated. It nowhere appears in the complaint that this alleged tort was committed in Cascade County. We have before us no other source of information. We have no knowledge that the second tort complained of was committed in Cascade County.

Counsel have argued the construction of the last sentence of section 59, in connection with the previous portion of that section. But it is not necessary, in this decision, to construe those provisions. It may be assumed, for the purposes of the case, as now before us, that the plaintiff has the right to have an action for tort tried in the county where it was committed, notwithstanding the residence of defendant in another county, and his service therein.

In this complaint two causes of action are joined. In one it appears, by the complaint, that the tort was committed in Cascade County. In the other it does not so appear. Therefore, as far as this court is informed by the record, defendant has the right (§ 59) to have the second cause of action tried in Lewis and Clarke County, the county of his residence and of service upon him; and this right is not modified by the fact

that this second alleged tort was committed in Cascade County, for it does not appear that it was there committed. And if defendant has the right to have the second cause of action tried in Lewis and Clarke County, plaintiff cannot abridge this right by joining in his complaint another cause of action (the first in the complaint), which might be properly construed as triable in Cascade County. This position is thoroughly and satisfactorily discussed in *Ah Fong* v. *Sternes,* 79 Cal. 30. See, also, *Sayward* v. *Houghton,* 82 Cal. 628.

In consideration of the facts before the District Court, we are of opinion that defendant's demand for a change of venue should have been granted. It has been so held in *Williams* v. *Keller,* 6 Nev. 141, and *Watkins* v. *Degener,* 63 Cal. 500. The statutes of those States are similar to section 59, except that the last sentence is omitted. As that last sentence is in no way before us for construction, these cases last cited are in point, and we are satisfied with their reasoning.

It is therefore ordered that the order appealed from be reversed, and the case is remanded to the District Court, with directions to make an order transferring the case to Lewis and Clarke County.

BLAKE, C. J., and HARWOOD, J., concur.