DALEY ET AL., APPELLANTS, *v.* TORREY ET AL., RESPONDENTS.

(No. 5,577.)

(Submitted September 24, 1924.   Decided November 17, 1924.)

[230 Pac. 782.]

*Oil and Gas—Cancellation of Lease—Damages—Attachment— Statutes and Statutory Construction.*

Attachment—Oil and Gas Lease—Cancellation—Damages—Statute.
   1. *Held,* that in an action brought under sections 6902–6904, Revised Codes, to obtain the cancellation of an oil and gas lease and to recover the penalty provided therein for the lessee's failure to release within the time specified and resultant damages, a writ of attachment may issue as authorized by section 6903.

Same—Nature of Remedy—Writ Lies in Tort Actions.
   2. Attachment is a summary proceeding ancillary to the action in which it is issued and is of purely statutory origin, and the legislature by enacting the general attachment statute (secs. 9256, 9257, Rev. Codes 1921) under which the writ can issue only in an action upon a contract, express or implied, for the direct payment of money, was not thereby deprived of its power to grant the remedy in an action *ex delicto.*

Statutory Construction—General and Special Acts—Conflict—Special Act Controlling.
   3. Where one Act deals with a subject generally and another with a part of the same subject specially, the two must be read together and harmonized, if possible, but to the extent of any necessary repugnancy between them, the special statute prevails over the general one.

Same—Rules.
   4. If possible every word of a statute must be made operative; no word is to be deemed meaningless if a construction can be adopted which will give it effect, and courts are not at liberty to disregard the plain language of a legislative enactment.

Attachment—Oil and Gas Lease—Cancellation—Damages—Construction of Act.
   5. The concluding sentence of section 6903 above, that "in all such actions writs of attachment may issue," construed to mean actions to cancel oil and gas leases, and the phrase "as in other cases" *held* to refer to the time at which the writ may issue and the effect which it has when issued, and not to limit the right to it to cases which fall within the purview of the general attachment statute.

Same—Jurisdiction Granted—Means to Carry into Effect also Given.
   6. The fact that sections 6902–6904 above do not provide for a form of affidavit for a writ of attachment is of no moment, since under section 8882, Revised Codes, where jurisdiction is conferred on a court, all the means necessary to give it effect are also given, and in the absence of such a provision the court may adopt any suitable process or mode of proceeding in the premises.

71 Mont.—33-

*Appeal from District Court, Toole County; John J. Greene, Judge.*

ACTION by Thomas H. Daley and another against N. B. Torrey and the Montana National Bank of Havre. From an order discharging a writ of attachment, plaintiffs appeal. Reversed.

Cause submitted on briefs of Counsel.

*Mr. Louis P. Donovan,* for Appellant.

*Mr. F. N. Utter,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to obtain the cancellation of record of an oil and gas lease and to recover the statutory penalty with costs and an attorney fee and actual damages alleged to have been suffered by the plaintiffs. (*Daley* v. *Torrey,* 69 Mont. 599, 223 Pac. 498.) After the decision upon the former appeal plaintiffs procured a writ of attachment to be issued and property belonging to the defendant Torrey to be seized. Thereafter Torrey transferred his interest in the attached property to the Montana National Bank of Havre, and the new owner appeared in the action and moved to discharge the attachment. The motion was granted and plaintiffs appealed from the order. The only question presented for determination is whether an attachment may issue in an action of this character.

Under the general statute (secs. 9256, 9257, Rev. Codes) a [1] writ of attachment may issue only in an action upon a contract, express or implied, for the direct payment of money where payment is not secured by a mortgage, lien or pledge, or, if originally secured, such security has become valueless

without any act of the plaintiff or the person to whom the security was given.

The present action is not one upon a contract, express or implied, for the direct payment of money. It is a special statutory action, legal in character, in which the plaintiffs seek, among other things, the recovery of a penalty and damages arising from the commission of a tort. (*Solberg* v. *Sunburst Oil & Gas Co.,* 70 Mont. 177, 225 Pac. 612.) But the fact that plaintiffs were not entitled to a writ of attachment under sections 9256 and 5257 above, is not conclusive. This action is prosecuted under sections 6902, 6903 and 6904, Revised Codes. The statute was first enacted in this state in 1917 (Chap. 22, Laws 1917), and the title of the Act fairly indicates the purpose of the legislation. The title is: "An Act in relation to the release of record of oil, gas, and other mineral leases; providing civil remedies in connection therewith."

Section 6902 imposes upon the lessee the duty to release of record any oil, gas or other mineral lease within sixty days from the date such lease is forfeited. Section 6904 provides for a demand before suit is brought and for the use of secondary evidence to prove that the demand was made, and, having thus defined the duty of the lessee and prescribed the preliminary proceedings to be observed by the owner, the statute is devoted entirely to the civil remedies made available to the owner upon default by the lessee. Section 6903 declares that for failure of the lessee to perform the duty imposed by section 6902, the owner may maintain an action to obtain such release, and in that action he may also recover the statutory penalty of $100, his costs, together with a reasonable attorney fee and any additional damages he may be able to show that he has suffered. In other words, the owner is authorized to maintain an appropriate action and combine therein (a) a cause of action for the cancellation of the lease; (b) a cause of action for the recovery of the statutory penalty; and (c) a cause of action for damages, and, as an incident, he is author-

ized to recover his costs and a reasonable attorney fee. If the statute stopped at this point, no one would insist that a writ of attachment could be procured in such an action; but section 6903 declares expressly that "in all such actions writs of attachment may issue as in other cases."

Attachment is classified by our Codes as a provisional [2, 3] remedy. It is a summary proceeding ancillary to the action in which it is issued, and is purely of statutory origin. (*Duluth Brewing & Malting Co.* v. *Allen,* 51 Mont. 89, 149 Pac. 494.) The same law-making authority which was invoked in the enactment of the general attachment statute (secs. 9256, 9257) was equally available to enact a different statute dealing with a particular phase of the same subject. It is a general rule of statutory construction that where one Act deals with a subject generally, and another with a part of the same subject, the two are to be read together and harmonized, if possible, but to the extent of any necessary repugnancy between them, the special statute prevails over the general one. (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; *Reagan* v. *Boyd,* 59 Mont. 453, 197 Pac. 832; *Walden* v. *Bitter Root Irr. Dist.,* 68 Mont. 281, 217 Pac. 646.) The two Acts in question may be reconciled without difficulty. The general statute declares that the writ of attachment will issue only in an action upon a contract, express or implied, for the direct payment of money where the payment is not secured, whereas, the special statute provides that the writ may issue also in the particular tort action for which provision is made in section 6903. And the right to a writ of attachment in an action arising out of tort is not peculiar to Montana. In 6 C. J. 80, the author says: "In a number of states the statutes now extend the remedy by attachment to claims arising *ex delicto*," citing authorities from many jurisdictions. Indeed, the special Act now under review is not the only statute in this state which extends the right to a writ of attachment beyond the scope of sections 9256 and 9257. Section 12267 provides for a proceeding in the nature of a civil action in a bastardy case, and,

notwithstanding the existence of a lien in favor of the plaintiff (sec. 12269), an attachment may be issued (sec. 12270).

It is insisted by counsel for the bank, however, that the concluding phrase "as in other cases" limits the right to a writ of attachment to cases which fall within the purview of sections 9256 and 9257; in other words, to actions upon contracts, express or implied, for the direct payment of money. But such an interpretation of the language employed does violence to the most elementary rules of statutory construction. [4] Every word of a statute must be made operative, if it is possible to do so (*State ex rel. Anaconda C. M. Co.* v. *District Court,* 26 Mont. 396, 68 Pac. 570, 69 Pac. 103), and no word in a statute is to be deemed meaningless, if a construction can be adopted which will give it effect. (*Mid-Northern Oil Co.* v. *Walker,* 65 Mont. 414, 211 Pac. 353.) In the concluding sentence of section 6903, "In all such actions writs of attachment may issue as in other cases," the words "such actions" refer to the actions to cancel oil and gas leases of record in which either the statutory penalty or damages for the failure of the lessees to remove a cloud from the owner's title is or both are sought to be recovered,—in other words, to actions arising out of torts; hence to say that an attachment may be procured only in an action upon a contract, express or implied, for the direct payment of money, would nullify completely this declaration of section 6903, which the legislature was authorized to make and did make. The phrase, "as in other cases," manifestly refers to the time at which the writ may issue and to the effect which it has when issued. Thus construed, the general statute and special enactment are harmonized and full effect is given to each.

It is not an available argument to say that sections 6902– [6] 6904 do not provide for a form of the affidavit which must be filed, for section 8882 provides: "When jurisdiction is, by the Constitution or this Code, or any other statute, conferred on a court or judicial officer, all the means necessary to carry into effect are also given; and in the exercise of this

jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.''

The courts are not at liberty to disregard the plain language of a valid legislative enactment, and, when section 6903 declares that a writ of attachment may issue in an action of this character, it must be held to mean just what it says.

The order is reversed.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, takes no part in the foregoing decision.