*120
 
 MR. JUSTICE -GADEN
 

 delivered the opinion of the court.
 

 This action was instituted by the plaintiff, Federal Surety Company, to recover the sum of $13,989.13 from the defendants, Basin Construction Company and the Fidelity & Deposit Company, for an alleged breach of contract for the construction of a portion of a federal aid highway between Billings and Hardin. A jury was waived and the cause was tried to the court, after the conclusion of which the court made and entered its findings of fact and conclusions of law in accordance with the prayer of the plaintiff’s complaint awarding to the plaintiff the sum of $10,139.75 for loss of profits, $2,849.49 for money actually expended in excess of the amount received from the state of Montana on completion of the work, together with interest on $12,989.13, the total of these sums, from July 29, 1929, and additionally the sum of $1,000 found to be a reasonable attorney’s fee incurred in prosecution of the action. Judgment was entered accordingly, from which the defendants have appealed.
 

 .Defendants have assigned many errors alleged to have been committed as reason for reversal of the judgment, but in our opinion but two questions are necessary to be considered in disposition of this appeal, viz.: (1) Is the complaint sufficient upon which to predicate the judgment; and (2) did the court err in allowing attorney’s fees to the plaintiff as a part of its damages ?
 

 In plaintiff’s complaint it is alleged that on or about March 21, 1928, one C. W. Eggers entered into a written contract with the state of Montana through the state highway commission “to furnish and deliver all the materials and to furnish all tools, machinery and implements, and to do and perform all the work and labor in the construction” of the portion of the highway described in consideration of the sum of $77,458.38; that by the terms- of such contract the contractor was to be paid, and receive the- sum of $2.40 per cubic yard for. crushed
 
 *121
 
 gravel surfacing in place; that Eggers as principal, and the plaintiff as surety, made, executed, and delivered to the state of Montana a bond for the faithful performance of the contract, which, among other things, required the work to be completed on or before November 1, 1928, otherwise that the contractor should be subject to the payment of a penalty of $15 per day for every day thereafter the completion of the work was delayed; that on January 15, 1929, Eggers having defaulted in the performance of his contract, the plaintiff took over the work and became subrogated to the rights of Eggers thereunder; that on the thirtieth day of January, 1929, the plaintiff for the purpose of completing the work in accordance with the Eggers’ contract, and with the consent of the state highway commission, entered into a written agreement with the defendant Basin Construction Company, by which the latter was to surface the road with gravel in accordance with the plans and specifications of the state highway commission and to the satisfaction of such commission, for the sum of $1.90 per cubic yard, for the faithful performance of which contract the Fidelity & Deposit Company of Maryland became surety. By the terms of the last-mentioned contract, it in part provided:
 

 “That, whereas, the party of the first part has taken over the contract between the State of Montana and C. W. Eggers of Great Falls, Montana, doing business under the name and style of the Good Roads Construction Company, for the construction of Federal Aid Project 187-D, Unit 8, also known as a part of the Billings-Hardin road, and whereas party of the first part is desirous of completing said Project
 
 *
 
 # * by subletting the remainder of the work to be done under said contract, consisting of the crushing and spreading of the gravel only, to the satisfaction of the State Highway Commission;
 

 “Now, Therefore, the party of the second part, for and in consideration of the payment to be made to it by the said party of the first part, as hereinafter provided, does by these presents hereby covenant, contract and agree to finish the graveling only, on Federal Aid project known as Project No. 187-D,
 
 *122
 
 Unit 8, said graveling consisting of crushing and spreading between 14,000 and 16,000 cubic yards of gravel, according to the plans and specifications of the State Engineers of the State of Montana, and to furnish all necessary equipment and labor to perform the crushing and laying of the gravel, in a good and workmanlike manner so as to meet with the approval of the State Highway Commission and to do whatever trenching is necessary to complete the job, and said party of the second part further covenants and agrees to move onto the said project and start work as soon as weather conditions during the year 1929 permit, and to complete said work as soon as possible, weather permitting; using both day and night shift;
 

 “And the party of the first part hereby covenants, contracts and agrees to put the road bed on said project in perfect condition for graveling, it being understood that party of the second part is to do no earth work except the trenching and it being further understood by the parties hereto that the •three and one-half miles of road at the West end of said project has already been completed by C. W. Eggers and that no work is to be done by party of the second part on said three and one-half miles.”
 

 In the complaint it is further alleged that after the plaintiff had entered into the contract with the Basin Construction Company, and executed bond for its faithful performance signed by the Fidelity & Deposit Company, as surety, it defaulted in performance and without the plaintiff’s consent abandoned the contract, and made a pretended assignment thereof to one S. F. Ronde, an individual doing business under the name and style of S. F. Ronde, Inc., “and thereafter refused to perform or carry out any of the terms and conditions of said contract, or at all”; that it failed, neglected, and refused to put onto the project sufficient equipment and men to operate both day and night shifts, as required by the terms of the contract and as demanded by the plaintiff, or “to prosecute the work with reasonable diligence so as to complete the same as soon as possible, as required by said contract, and re
 
 *123
 
 fused to supply additional equipment and labor to properly complete said project as soon as possible, when requested by plaintiff so to do, and failed and neglected to furnish necessary equipment and labor and to prosecute the work on said project to the satisfaction and approval of the State Highway Commission of Montana, as required by said contract”; that thereupon the plaintiff took over the work and fully completed it on or about July 29, 1929, in accordance with the Eggers contract, with damages suffered in consequence for which judgment is prayed as hereinabove set forth.
 

 In separate answers filed, both defendants affirmatively allege by way of cross-complaint, in substance, that the Basin Construction Company was proceeding with the work through its employees and would have completed the contract in all respects in accordance with its terms had not the plaintiff interfered by taking over the work, thus preventing the Basin Construction Company from executing the contract to its damage in the sum of $7,493.20; and that when ousted, the Basin Construction Company had already laid under the contract 2,632 cubic yards of crushed gravel. The answers do not allege failure of the plaintiff to perform its part of the contract by having the roadbed in condition for the spreading of the gravel as a defense, nor that the Basin Construction Company was hindered or impeded by reason of the nonperformance of any act by plaintiff. Issue was joined by replies.
 

 1. A general demurrer was filed to the complaint which was submitted without argument and by the court overruled. Objection to the introduction of evidence in support of the complaint was made by the defendants at the outset of the trial on the ground the complaint fails to state facts sufficient to state a cause of action, which was overruled
 
 pro
 
 forma, and upon the conclusion of the plaintiff’s case the defendants moved for a nonsuit upon the ground, among others stated, that the complaint fails to state a cause of action. Conceding that technically the complaint is insufficient by reason of its failure to affirmatively allege performance of the condition precedent required to be performed by the plaintiff,
 
 *124
 
 viz., that it had
 
 put the roadbed on such project in perfect condition for graveling,
 
 yet, as noted, in the answers filed by the defendants such breach is not relied upon as a defense; on the contrary, the defendants rely solely upon the alleged interference by the plaintiff with the progress of the work. The defense is not predicated upon the failure of the plaintiff to perform the conditions precedent, and it is by the answers averred that the Basin Construction Company, when ousted, was at work on the ground and had to that time laid 2,632 cubic yards of crushed gravel on the project and should have completed the work had it not been prevented by the plaintiff’s interference. And the case was tried on that theory, which is now binding upon the parties on appeal.
 
 (Flannery
 
 v.
 
 Campbell,
 
 30 Mont. 172, 75 Pac. 1109;
 
 Bode
 
 v.
 
 Rollwitz,
 
 60 Mont. 481, 199 Pac. 688;
 
 Newman
 
 v.
 
 Association of Credit Men,
 
 63 Mont. 545, 208 Pac. 914;
 
 Berne
 
 v.
 
 Stevens,
 
 67 Mont. 254, 215 Pac. 803.) The defense pleaded and the theory in consequence upon which the case was tried, in our opinion, constitute a waiver of the necessity of the plaintiff averring and proving performance of the condition precedent by it to be performed under the terms of the contract. It is elementary that a material allegation omitted from the complaint may be supplied by the answer
 
 (Stephens
 
 v.
 
 Conley,
 
 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189;
 
 Hurley
 
 v.
 
 Great Falls Baseball Assn.,
 
 59 Mont. 21, 195 Pac. 559;
 
 Anderson
 
 v.
 
 Wirkman,
 
 67 Mont. 176, 215 Pac. 224); and also that the parties are bound by the theory upon which the case was tried. Generally, a waiver when relied upon should be pleaded, and while there is no direct allegation of waiver contained in either the complaint or the answers, the allegations of part performance by the Basin Construction Company, and that it would have fully performed its contract but for the plaintiff’s interference, in our opinion, constitute a waiver of the condition precedent required of the plaintiff to put the road in shape for graveling. No complaint on this score is made by the answers. The allegations contained in the answers treat the contract fulfilled as to conditions precedent to be per
 
 *125
 
 formed by the plaintiff, it being alleged in effect that the Basin Construction Company, through Bonde, was proceeding with the work and should have completed the same but for the plaintiff’s interference. And such was defendants’ theory on the trial. After judgment, on appeal, the defendants' will not be permitted to set up a defense wholly at variance from their position at the trial predicated upon their pleadings.
 
 “A
 
 party to a contract who is entitled to demand performance of a condition precedent, may waive the same, either expressly, or by acts evidencing such intention, and performance of a condition precedent to taking effect of the contract may be waived by the acts of the parties in treating the agreement in effect.” (13 C. J., p. 671.) “As applied to problems of breach, in cases in which the party who is not in default has the right of election between treating the breach on the part of the party who is in default as a discharge of the contract, or as treating the contract as in full force and effect, the party who is not in default may, if he elects to do so, take the latter alternative and treat the contract as in effect. Such election waives the right of the party who is not in default to treat the contract as discharged by the breach which such party has thus waived.” (Page on the Law of Contracts, 2d ed., sec. 3038;
 
 Snowball
 
 v.
 
 Maney Bros. & Co.,
 
 36 Wyo. 84, 61 A. L. R. 199, 270 Pac. 167.)
 

 The case was tried on its merits, on the theory of the defense interposed by the defendants in their answers, although evidence was introduced by them and received without objection showing that the roadbed had not been placed in condition' for graveling by the plaintiff prior to the time it took over the execution of the work embraced in the Basin Construction Company’s contract. It is now too late for the defendants to change base on their theory of defense.
 

 2. The evidence amply supports the judgment, but is the item of $1,000 included therein properly allowable as damages? The amount so assessed as attorney’s fees is admitted to be reasonable, if properly chargeable. This item of damages is predicated on the provisions of the bond to the
 
 *126
 
 effect that “the surety will indemnify the owner [here meaning the plaintiff] from and against any and all loss and damage directly arising by failure of the principal (Basin Construction Company) to perform faithfully said contract.” The general rule is that attorney’s fees are not recoverable in actions at law or in equity, except where expressly allowed by statute (8 Cal. Jur., p. 803), or the contract in suit makes definite provision for the payment thereof. Here we have neither an express provision of statute nor of the contract warranting the recovery either as damages or as costs, and in our opinion the court erred in including them in its findings and in the judgment. A provision in a contract for the allowance of attorney’s fees upon action instituted to recover on the contract is in the nature of a provision for special damages, recoverable only upon appropriate allegations and proof.
 
 (Bovee
 
 v.
 
 Helland,
 
 52 Mont. 151, 156 Pac. 416.) The obligation of a surety is coextensive with and measured by the promises of the principal to the obligee contained in the contract. The surety by the bond only binds itself to the performance of the acts which the principal promises to perform as a part of its contract. Both the bond and the contract are to be construed and considered together in determination of the surety’s liability, in instances such as this, where the bond is given for the faithful performance of the contract.
 
 (Gary Hay & Grain Co.
 
 v.
 
 Carlson,
 
 79 Mont. 111, 255 Pac. 722.) And where, as here, there is no express provision made either by statute or by the contract or the bond for the allowance of attorney’s fees as a part of the damages or costs in an action for breach of contract, they are not recoverable. In our opinion the words “any and all damages directly arising by failure of the principal to perform faithfully said contract,” as employed in the bond, were not intended to include attorney’s fees, but rather the usual and ordinary damages resulting from a breach of the contract.
 

 An action to recover on an injunction or attachment bond wherein, by reason of the statutes, the surety obligates itself to pay such damages as the defendant may sustain by reason
 
 *127
 
 of the issuance of either writ, is in a different category. In such cases attorney’s fees for the dissolution of the writ may reasonably be said to have been within the contemplation of the parties as damages naturally flowing from a failure to justify the issuance of the writ.
 
 (Plymouth Gold Min. Co.
 
 v.
 
 United States Fid. & Guar. Co.,
 
 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.)
 

 Rehearing denied December 21, 1931.
 

 For the reasons stated, it is ordered that the judgment be modified by striking therefrom the item of attorney’s fees, and when so modified it will stand affirmed. One-third of defendants’ costs on this appeal are assessed to the plaintiff.
 

 Modified and affirmed.
 

 Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.