REDA BEAVERS, J. R. CRUSE AND SALLY CRUSE CUR-
RAN, PLAINTIFFS AND RESPONDENTS, *v.* WELLINGTON D|
RANKIN, WALLA WALLA OIL COMPANY, A PARTNER-
SHIP COMPOSED OF A. B. FILIAN, ARNOLD E. CARLE, L. H. VAN
BUSKIRK AND R. C. LLOYD, DEFENDANTS AND APPELLANTS.

No. 10500

Submitted May 14, 1963. Decided September 16, 1963.

385 P.2d 640.

Rehearing denied October 31, 1963.

Wellington D. Rankin, Arthur P. Acher (argued), Helena, for appellants.

James A. Nelson (argued), Rae V. Kalbfleisch, Shelby, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

Appeal by defendant, from an order of the district court of the ninth judicial district denying a motion for a change of place of trial.

The original action was commenced by respondents, Reda Beavers, J. R. Cruse and Sally Cruse Curran, after serving a demand for the release of certain oil and gas leases, statutory penalty, reasonable attorneys' fees, costs of suit and other appropriate relief. The action was predicated on R.C.M.1947, § 73-115, providing in part:

"Should the owner of such lease neglect or refuse to execute a release as provided by this act, then the owner of the leased premises may sue in any court of competent jurisdiction to obtain such release, and he may also recover in such action of the lessee, his successor or assigns, the sum of one hundred dollars ($100.00) as damages, and all costs, together with a reasonable attorney's fee for preparing and prosecuting the suit, and he may also recover any additional damages that the evidence in the case will warrant. * * *"

The real property involved is located in Toole County, the county where this action was commenced. Appellant was served while in Lewis and Clark County, the county where

he is now and has been for many years last past a resident. Appellant sought a change of place of trial on the grounds that the cause was transitory and thus should be conducted in the county where he resides. Motion was denied by the trial court. Appellant appealed contending that the cause was part personal and transitory and that the motion should have been granted.

Generally, the doctrine for granting a change of venue in this state is that if the complaint contains more than one cause of action, on one of which defendant is entitled to a change of venue, the motion must be granted, though the other cause or causes of action may be properly triable where the action was commenced. Heinecke v. Scott, 95 Mont. 200, 209, 26 P.2d 167; numerous other cases cited. This doctrine was adopted in Yore v. Murphy, 10 Mont. 304, 311, 25 P. 1039, 1041, where it was stated:

"* * * And, if defendant has the right to have the second cause of action tried in Lewis and Clark county, plaintiff cannot abridge this right by joining in [his] complaint another cause of action (the first in the complaint), which might be properly construed as triable in Cascade county. This position is thoroughly and satisfactorily discussed in Ah Fong v. Sternes, 79 Cal. 30, 21 Pac. 381. See, also, Sayward v. Houghton, 82 Cal. 628, 23 Pac. 120."

In Ah Fong v. Sternes, 79 Cal. 30, 33, 21 P. 381, 382, it was stated:

"He [plaintiff] cannot deprive the defendant of his right to a change of venue by the addition of something to the complaint. If this were not the rule, it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint. It need not be a genuine cause of action, and it would not matter whether the two causes of action were properly united or not."

In the original action, respondent was not endeavoring

to frustrate the appellant or abridge the appellant's right, if such existed, in maintaining the transitory action in Lewis and Clark County by uniting causes of action in his complaint. Respondent commenced his complaint based on the remedy supplied by R.C.M. 1947, § 73-115, which arises when there is a non-compliance with sections 73-114, 73-115 and 73-116. Non-compliance with these sections gives rise to three distinct causes of action, (a) a cause of action for the cancellation of the lease, (b) a cause of action for the recovery of the statutory penalty, and (c) a cause of action for damages, Abell v. Bishop, 86 Mont. 478, 494, 284 P. 525; Stumpf v. Fidelity Gas Co., 10 Cir., 294 F.2d 886, 891, which arise from one purely statutory remedy, not theretofore existing, embodying equitable relief but classified as an action at law, Stranahan v. Independent Nat. Gas Co., 98 Mont. 597, 606, 41 P.2d 39, which authorizes the lessor of an oil and gas lease to maintain an appropriate action and combine the three distinct causes of action, Daley v. Torrey, 71 Mont. 513, 230 P. 782; Abell v. Bishop, supra. But we have held in Abell v. Bishop, supra, that the primary objective of this statutorily created remedy which combines three distinct causes of action is to clear the record of the cloud on title. Such an action is one *in rem* and is one to quiet title. Heinecke v. Scott, 95 Mont. 200, 208, 26 P.2d 167. R.C.M. 1947, §§ 93-320 and 93-2901, establish the district where this statutory remedy *must* be tried. The transitory cause of action is only secondary to the primary cause of action that must be tried in a specific place.

In enacting sections 73-114, 73-115 and 73-116, the Legislature created an inducement for a lessee to release his lease from record when it becomes forfeited, the inducement being avoidance of the $100 as a statutory penalty, all costs and a reasonable attorney's fee, plus additional damages that the evidence will warrant. Abell v. Bishop, 86 Mont. 478, 493, 284 P. 525.

The respondent, by his complaint, is attempting to

remove a cloud on the title created by the appellant, due to the failure of the appellant to release his forfeited lease. The action, based on the primary objective of section 73-115, must be tried in Toole County. Surely the Legislature did not intend to harass the respondent by requiring him to maintain two separate actions in two different counties by their legislative act of one statutory remedy to correct a situation created by the lessee of a forfeited lease? This type of reasoning would appear inconsistent with the intent of the Legislature in enacting section 73-115 to create an inducement for lessees of forfeited leases to release them from record, not as appellant would have us believe, as an inducement to a lessor to allow the lessee to maintain a cloud on title.

In our previous discussion we have assumed that there is a transitory cause of action. Appellant neglected to specifically set forth in his change of venue instruments, or in his appellate brief the cause of action that was transitory. Rather he states that "the above entitled cause [original cause] is a transitory action." From what hereafter appears there is no separate transitory cause of action involved here. There is combined in this suit three distinct causes of action. The first cause is for a cancellation of a lease. We have adequately discussed this cause of action previously. It is an action *in rem*, one to quiet title and the location where it must be tried is established by statute. The second cause is for the recovery of a statutory penalty. R.C.M. 1947, § 93-2902, dictates that such a cause of action must be tried in the county where the cause arose. In Bergin v. Temple, 111 Mont. 539, 547, 111 P.2d 286, 289, 133 A.L.R. 1115, where we decided a change of venue problem involving false imprisonment, we quoted with approval the holding of the court in Anglo-American L. M. & A. Co. v. Lombard, 132 F. 721 (C.C.A. 8), "that the place where a cause of action arises is to be determined by inquiring where the act or breach occurs which gives the

cause of complaint and creates the necessity for bringing an action."

The breach upon which the cause of this complaint is based arose when appellant failed to release leases which were clouds on title existing on the records of Toole County. The real property involved is also located in Toole County. It follows that Toole County is the location where the cause of this complaint arose.

The third cause remains. This would indicate that the appellant predicated his change of venue on the third cause of action. This cause is for damages. However, this cause is actually to recover "all costs, together with a reasonable attorney's fee for preparing and prosecuting the suit, and * * * any additional damages that the evidence in the case will warrant." R.C.M. 1947, § 73-115. Attorney's fees are not recoverable in actions at law or in equity, except where expressly allowed by statute, Federal Surety Co. v. Basin Const. Co., 91 Mont. 114, 126, 5 P.2d 775, but in regard to non-compliance with sections 73-114, 73-115 and 73-116, the Legislature has created a statutory cause of action to recovery of attorney's costs. This cause is coexistent with two other causes which are local in nature. It is inconceivable to assume that the Legislature intended to create a transitory cause of action to be used to recover attorney's fees obtained on a local cause of action.

For the preceding reasons the order of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON and CASTLES, concur.

MR. JUSTICE ADAIR:

I concur in the result but not in all that is said in the foregoing opinion.