CHIEF JUSTICE GRAY,
specially concurring.
¶19 I generally concur in the Court’s application of the venue statutes, notwithstanding the relative brevity of the discussion. I am not persuaded, however, that Wentz and Liang-by their terms-are inapposite here, as the Court states in ¶ 14. Indeed, it is my view that we should revisit those cases.
¶20 In the late 1990s, the Fulbrights started a business selling fruit juice smoothies. They eventually created Junga Juice, a Montana corporation. The Fulbrights reside, and Junga Juice has its offices, in Missoula County. The Fulbrights/Junga Juice then began entering into franchise agreements with other entities whereby they licensed the company’s trademark, drink formulas and names, and overall trade dress to franchisees in exchange for an initial franchise fee and payment of royalties. The four original plaintiffs in this case were Junga Juice franchisees. Rowe entered into a franchise agreement for a store located in Bozeman, Montana; he is not involved in this appeal. DML entered into two franchise agreements to operate two stores in Billings, Montana. MTAZ entered into a franchise agreement to operate a store in Flagstaff, Arizona. Finally, South Dakota Junga Juice entered into a franchise agreement to operate a store in Rapid City, South Dakota.
¶21 At some point, the franchisees became unhappy in their dealings with the Fulbrights/Junga Juice. Consequently, they filed a complaint *217 against the Fulbrights/Junga Juice in the Thirteenth Judicial District Court, Yellowstone County, alleging misrepresentation, deceit, recission, breach of contract, common law bad faith, interference with prospective economic advantage and interference with contract. The Fulbrights/Junga Juice moved to change venue to Missoula County. They asserted that, while Yellowstone County may be a proper venue for the claims brought by DML, it was not proper venue for the claims of the other plaintiffs because the claims had no connections to Yellowstone County. The District Court granted the motion to change venue based on §25-2-116, MCA.
¶22 A defendant may move for a change of venue when the county in which the action is brought is not designated as a proper place for trial, and a district court must grant such a motion when the county designated in the complaint is not the proper county. Sections 25-2-114 and -201(1), MCA. The general rule for venue in civil actions is that the proper place for trial Is the county in which the defendants or any of them reside at the commencement of the action.” Section 25-2-118(1), MCA. The Fulbrights/Junga Juice reside (or are found) in Missoula County. Other venue statutes provide exceptions to the general venue rule for specific types of actions. Here, the complaint presents claims sounding in both contract and tort. Section 25-2-121(l)(b), MCA, provides that a proper place for trial of an action based on contract is the county in which the contract was to be performed. Section 25-2-122(l)(b), MCA, provides that a proper place for trial of a tort action is the county in which the tort was committed and, if the tort is interrelated with an action for breach of contract, the tort is committed in the county in which the contract was to be performed. Thus, in this case there are several proper places for trial: (1) Missoula County, where the Fulbrights/Junga Juice reside; and (2) the counties in which at least the Montana franchises were to be performed.
¶23 The parties do not dispute that Yellowstone County is a proper place for trial of the claims relating to the DML franchise agreements pursuant to §§25-2-121(l)(b) and -112 (l)(b), MCA, because the two DML agreements were to be performed in Billings, Yellowstone County, Montana. Nor do the parties dispute that the claims relating to the other franchise agreements have no nexus to Yellowstone County. Thus, the parties agree that Yellowstone County is not a statutorily-designated proper place for trial of the other franchisees’ claims pursuant to their franchise agreements.
¶24 The franchisees argue that the District Court erred in changing venue from Yellowstone County to Missoula County because the *218 Fulbrights/Junga Juice were not entitled to a change of venue. Section 25-2-115, MCA, on which the franchisees rely, provides that
[i]f this part designates more than one county as a proper place of trial for any action, an action brought in any such county is brought in a proper county and no motion may be granted to change the place of trial upon the ground that the action is not brought in a proper county under 25-2-201(1). If an action is brought in a county not designated as a proper place of trial, a defendant may move for a change of place of trial to any of the designated counties.
¶25 In response, the Fulbrights/Junga Juice contend that the District Court did not err in changing venue. They assert §25-2-115, MCA, does not apply in this case and, instead, the District Court correctly relied on §25-2-116, MCA, in determining that venue must be changed to Missoula County. Section 25-2-116, MCA, provides that
[i]n an action involving two or more claims for which this part designates more than one as a proper place of trial, a party entitled to a change of place of trial on any claim is entitled to a change of place of trial on the entire action, subject to the power of the court to separate claims or issues for trial under Rule 42(b) of the Montana Rules of Civil Procedure.
¶26 In my view, the District Court properly relied on §25-2-116, MCA, in changing venue to Missoula County, because §25-2-115, MCA, does not preclude a change of venue under the facts of this case. At the outset, I observe that §§25-2-115 and -116, MCA, must be interpreted so that the statutes do not conflict with each other or one render the other meaningless. See § 1-2-101 and 1-3-232, MCA. To that end, I believe the § 25-2-115, MCA, prohibition on changing venue would apply in the following two situations. First, in all cases where an action consists of a single claim and the action is brought in a county that is designated a proper place for trial (regardless of whether there are one or several proper counties), a motion for change of venue must be denied. Second, in cases where an action consists of two or more claims and, for any of the claims, the venue statutes designate more than one county as a proper place for trial, if the action is brought in a county which is designated a proper place for trial for each of the claims, then a motion for change of venue must be denied. Neither of these situations is present here.
¶27 Section 25-2-116, MCA, would apply in a third situation where (1) an action consists of multiple claims; (2) the venue statutes designate more than one proper place for trial for one or more claims; and (3) the *219 action is brought in a comity designated as proper for at least one of the claims, but not all of the claims. This is the situation in the present case. First, there are multiple claims (brought by multiple parties in this case). Second, the statutes provide for venue in more than one county-ior example, DML’s claims may be brought in either Yellowstone or Missoula County. Third, the action was brought in Yellowstone County, which is a proper place for trial of DML’s claims, but is not a proper county for the claims relating to the other franchise agreements. Because the claims relating to the other franchisees were brought in a county not designated as a proper county for those claims, the Fulbrights/Junga Juice would be entitled to a change of venue on those claims to Missoula County, which is a proper place for trial. See § 25-2-114, MCA. As a result, under § 25-2-116, MCA, because the Fulbrights/Junga Juice are entitled to a change of venue for the other franchisees’ claims, the Fulbrights/Junga Juice are entitled to a change of venue on the entire action, including the DML claims (subject only to the “separation of claims for trial,” a matter not at issue here).
¶28 Based on the above somewhat lengthy interpretation and application of the venue statutes to the facts of this case, I agree with the Court’s statutory interpretations as stated at the outset. However, it is my view that Wentz and Liang significantly cloud the picture. The franchisees rely on those cases in support of their contention that §25-2-116, MCA, does not apply here because the Fulbrights/Junga Juice have never asserted that the franchisees combined spurious claims to manipulate venue.
¶29 In Wentz, the plaintiff brought an action against the defendants in Yellowstone County alleging the defendants committed various acts of medical negligence resulting in her husband’s death and asserting wrongful death and survivorship claims. The defendants all resided, and the alleged negligent acts occurred, in Rosebud County. The husband eventually died in a hospital in Yellowstone County. The defendants moved for a change of venue to Rosebud County, which the district court denied. Wentz, 280 Mont, at 16, 928 P.2d at 238. On appeal, we first concluded that, as previously held in Gabriel v. School Dist. No. 4, Libby (1994), 264 Mont. 177, 180-81, 870 P.2d 1351, 1352-53, a wrongful death claim arises for venue purposes in the county in which the death occurs. Thus, a proper place for trial of the wrongful death claims in that case was Yellowstone County. Wentz, 280 Mont. at 18-19, 928 P.2d at 239-40. Furthermore, pursuant to Montana’s remedies statutes-as interpreted in Gabriel^wxongñú death and survivorship actions must be combined in one legal action and, where *220 the two claims properly may be brought in different counties, the plaintiffs choice of venue as to the wrongful death action precludes a successful motion to change venue to the county where the survivorship action arose. Wentz, 280 Mont. at 18, 928 P.2d at 239.
¶30 We then proceeded to address the defendants’ argument that they were entitled to a change of venue under §25-2-116, MCA (Wentz, 280 Mont. at 21-22, 928 P.2d at 241-42), beginning with a discussion of the Evidence Commission’s comments to §25-2-116, MCA. The comments state that the statute is a codification of prior Montana case law involving venue changes in multiple claim cases. We also quoted that portion of the comments which states that §25-2-116, MCA,
is necessary to prevent a plaintiff from controlling venue by adding spurious claims that have little or no validity, but are triable in the forum the plaintiff chooses rather than at the normal situs which would be the defendant’s residence or another location more favorable to the defendant.
We then observed that, since a wrongful death claim and a survivorship claim must be combined in one action, there was little likelihood that a plaintiff would spuriously add one claim to another simply to defeat a venue favorable to the defendant and the evil §25-2-116, MCA, seeks to address is not present in those sorts of cases. Wentz, 280 Mont. at 22, 928 P.2d at 241-42. Finally, observing we had addressed and rejected a similar argument in Gabriel, we concluded §25-2-116, MCA, did not apply to the case. Wentz, 280 Mont. at 22, 928 P.2d at 242.
¶31 Tracing back to Gabriel, on which we relied heavily in Wentz, I note first that we did not address the impact of §25-2-116, MCA, on venue in wrongful death/survivorship actions in Gabriel. Indeed, the statute is not even cited in the case. Thus, Gabriel was-and is-of no assistance in interpreting § 25-2-116, MCA. Second, I agree with Justice Leaphart’s concurrence in Wentz that, although the intent behind §25-2-116, MCA, may have been to preclude a plaintiff from manipulating venue by adding spurious claims, that intent is not incorporated in the statute. Wentz, 280 Mont. at 23-24, 928 P.2d at 243 (Leaphart, J., concurring). The plain language of the statute reveals that it applies to any action involving two or more claims; no reference to spurious claims or attempts to manipulate venue exists. Moreover, as Justice Leaphart observed, where the intent of a statute may be determined from the plain meaning of the language used, this Court may not resort to legislative history or other means of construction such as the Commission’s comments to the statute. See Wentz, 280 *221 Mont. at 24, 928 P.2d at 243 (Leaphart, J., concurring). As a result, it is my view that Wentz incorrectly interpreted and applied §25-2-116, MCA. Even taking the Evidence Commission’s comments to §25-2-116, MCA, into account, the Commission stated as follows:
This new provision codifies the result of this unbroken line of opinions: Yore v. Murphy, 10 Mont. 304, 25 P. 1039 (1891); Heinecke v. Scott, 95 Mont. 200, 26 P.2d 167 (1933); Beavers v. Rankin, 142 Mont. 570, 385 P.2d 640 (1963). It makes no change in existing law, but simply enacts it into the Code where it is available.
(Emphasis added.) None of the three cases cited by the Commission held that the statute was limited in application to only those situations where a plaintiff was manipulating venue by adding spurious claims. ¶32 In Liang, the plaintiff had worked in two restaurants, one located in Flathead County and the other in Sanders County. The plaintiff filed an eleven-count complaint in Flathead County against the owners of the restaurants. Some of the counts related to alleged injuries the plaintiff suffered as a result of a slip and fall accident at the Flathead County restaurant; those counts alleged the owners negligently failed to maintain the premises. The remaining counts alleged various wage claims relating to his employment at both restaurants. Liang, ¶¶ 3 and 4. The district court granted the defendants’ motion to change venue to Sanders County and the plaintiff appealed. We reversed. Liang, ¶ 1.
¶33 On appeal, the plaintiff argued that venue for the majority of the claims in the complaint was proper in Flathead County, although he did concede that proper venue for some claims was Sanders County. Liang, ¶ 8. He relied on Wentz in support of his argument that, where two or more claims are joined in a single action and venue for the claims is proper in different counties, the plaintiff may choose any county which is proper for any claim and the defendant is not entitled to a change of venue. Liang, ¶ 9. The defendants argued, in part, that they were entitled to a change of venue pursuant to §25-2-116, MCA, because the only proper place for trial of the wage claims relating to the Sanders County restaurant was Sanders County. Liang, ¶ 18. We noted our previous discussion in Wentz that the statute was enacted to prevent plaintiffs from raising spurious claims as a means to deny a defendant a favorable venue, and determined that §25-2-116, MCA, did not apply to the case because the record did not indicate-and the defendants did not allege-fhat the plaintiff was attempting to manipulate venue in such a manner. Liang, ¶ 19.
*222 ¶34 Because it is my view that Wentz incorrectly interpreted and applied §25-2-116, MCA, I disagree with Liang to the extent it relies on that case. Furthermore, Liang fails to note the distinction between application of §25-2-115 and -116, MCA, as discussed earlier.
¶35 In summary, applying a straightforward interpretation and application of the venue statutes to the facts of this case, I concur in the outcome the Court reaches in affirming the District Court’s grant of the motion to change venue made by the Fulbrights/Junga Juice. I do not agree with the Court’s discussion of Wentz and Liang or the substance of those decisions. I would overrule Wentz and Liang, at least in part, and clarify any remaining portions.